# Rail Road Company *against* Bucher.

An authority by one to another tenant in common to proceed to an assessment of the damages which had been suffered by the location and construction of a railroad through their farm, will not authorise the latter to proceed in his own name, treating the farm as his own. The title of the petitioners ought to be rightly set forth in the petition. Nor will such irregularity be cured by the subsequent formal release of the tenant in common not joined in the proceeding.

*CERTIORARI* to the common pleas of *Dauphin* county.

Samuel S. Haldeman and George H. Bucher were the owners of a tract of land in right of their respective wives, in Dauphin county, through which the Harrisburg, Portsmouth, Mountjoy and Lancaster railroad was located. Samuel S. Haldeman being absent, addressed the following letter to William Ayres, Esq., the attorney of the petitioners: ·

"Dear Sir,—Being absent and not expecting to return home to attend to any private business for some time, I wish Mr. George H. Bucher to proceed in his own name to have the damages assessed which have been created by the construction of the Harrisburg and Lancaster railroad through our farm.

"I shall agree and consent to what is done, and in case the company desire any release from me, I will give it them at any time after the payment of the damages.

　　　　　　　　　"Yours, respectfully,

　　　　　　　　　　　　　"Samuel S. Haldeman.

"W. Ayres, Esq."

A petition was then presented, signed by George H. Bucher, for the appointment of viewers to assess the damage, in which he describes the land as his own, without any reference to the title of his coparcener. The jury assessed the damage at 550 dollars. To which the company filed the following exceptions:

1. That the plantation or tract of land in said proceedings mentioned does not belong to the said George H. Bucher, but the same is the property of said George H. Bucher and Samuel S. Haldeman, who respectively hold the same in right of their wives, as tenants in common.

VII.—D

2. That said Samuel S. Haldeman and wife being the owners of the undivided half part of said plantation, did not join in the application.

3. That the wife of said George H. Bucher did not join in said application.

4. That the jury assessed entire damages for the whole tract, when but the one undivided half part thereof belonged to said George H. Bucher.

After these exceptions were filed, and before the argument, Samuel S. Haldeman and wife executed and filed a formal release to the company, confirmatory of the proceedings of the viewers.

The court below (Blythe, President) were of opinion that the proceedings were irregular, and not cured by the subsequent release: and they were quashed.

In this court the following reasons for reversing the judgment of the court below were assigned:

1. The first reason assigned by the counsel for the company was not sufficient to set aside the proceedings of the viewers, inasmuch as the said Samuel S. Haldeman, by his written authority, dated August 15th, 1837, before the proceedings had commenced, directed the said George H. Bucher to proceed in his own name to have the damages assessed, and the said Samuel S. Haldeman, by his release dated the 17th November 1837, together with his wife Mary joining in the same, previous to the court setting the same aside, had ratified all and every thing the said George H. Bucher had done in pursuance of said authority.

2. That the second reason assigned is not sufficient, inasmuch as one coparcener may proceed alone and have his own damages assessed, if the others do not choose to join in the application.

3. That the third reason assigned is not sufficient, as the husband can proceed in his own name for the injury done to the freehold of the wife, under the law giving remedy in this case.

4. That the fourth reason assigned is insufficient, as there is no evidence that the jury did assess entire damages for the whole tract; and if they even did, the company had no cause of complaint, as Samuel S. Haldeman and wife tendered their release to the company and filed the same in court, before the exceptions were argued.

5. That there being no objection to the amount of the damages, and the officers, agents and attorney of the company having attended on the ground at the time of holding the inquisition or view, the court erred in setting aside the inquisition or proceedings of the viewers for technical and insufficient reasons, thereby putting the parties to great additional expense, when it did not appear any injustice had been or could be done, nor is any alleged to have been done to the company.

6. That the company by their officers and counsel appearing on the ground, acquiescing in the proceedings, taking their chance of the report of the viewers, come now too late to take advantage of

[Railroad Company v. Bucher ]

the want of joinder in the coparceners in the application, no allega-
tion of injustice being done to the company, the letter of Samuel S.
Haldeman constituting his coparcener agent to proceed in his own
name, and the release of Haldeman and wife a bar to any other ap-
plication, the court erred in setting the inquisition and proceedings
aside for want of the parceners not joining in the petition.

*Ayres*, for plaintiff.
*M'Cormick*, contra.

PER CURIAM.—This proceeding could be regularly instituted but
in the names, not only of the tenants, but also of their wives who are
tenants in common; and it would certainly be safest to state the nature
of the title.　The authority given by the absent tenant extended
only to the use of his name and that of his wife; certainly not to a
recovery in the name of the one for the use of both.　Nothing but
a conveyance to the co-tenant could authorise that.　Neither could
an irregularity which was fatal at first be cured by an act of subse-
quent confirmation; for to allow the complainants to affirm or reverse
as the event should be favourable or otherwise, would give them an
unreasonable advantage over the respondent in point of reciprocity.
The proceedings were therefore properly quashed in the court below.
Judgment affirmed.