CHARLES E. DICKERMAN *vs.* JOSEPH ASHTON.

May 17, 1875.

**Findings presumed Correct, when Case does not Purport to Contain all the Evidence.**—Where the "statement of the case" does not show that it contains all the evidence on any point, this court presumes that there was sufficient evidence to justify the findings of the court below on the fact.

**Agency for Sale of Land Created without Writing.**—The authority of an agent to make a contract for the sale of real estate need not be in writing.

**Same—Invalid Specialty valid as a Simple Contract.**—If a contract which need not be under seal is executed by an agent, having authority to execute simple contracts, but not sealed contracts, and has a seal affixed to it, it will be valid as a simple contract.

Appeal by defendant from an order of the court of common pleas for Ramsey county, *Hall,* J., presiding, refusing a new trial, after a trial by the court without a jury.

*Lorenzo Allis,* for appellant.

*Bigelow, Flandrau & Clark,* for respondent.

GILFILLAN, C. J. This is an action to enforce specific performance of a contract to convey real estate. The contract was in writing, and purported to be under the seal of the defendant, the vendor, and was made on his part by an agent, with only oral authority to make it.

The defendant makes the point that the proof of the authority of the agent was not of that clear and satisfactory character which a court of equity will insist upon as to contracts, the specific performance of which is sought. But the "statement of the case" does not show that it contains all the evidence on that point; and where such is the case, this court presumes that there was sufficient evidence to justify the finding of fact of the court below. *Henry* v. *Hinman, ante,* p. 378.

It was decided in *Brown* v. *Eaton, ante,* p. 409, that the authority of an agent to make such a contract need not be in writing.

The defendant objects that the contract is void, because it purports to be a specialty, and that the authority of an

agent to bind his principal by contract under seal must also be under seal. The proposition is true, that an agent, not authorized by deed, cannot execute a contract which shall be valid, as a deed or specialty, against his principal. But in such case, if the contract need not be by deed, it will be valid as a simple contract, notwithstanding a seal is attached to it. *Minor* v. *Willoughby*, 3 Minn. 225. The order denying a new trial is affirmed.