ANTHONY J. THOMAS *vs.* HIRAM K. JOSLIN.

May 4, 1883.

**Sealed Instrument sustained as a Simple Contract.**—An unauthorized seal may be rejected as a separable excess of authority, and the agreement to which it is affixed stand as a simple contract.

**Specific Performance—Excess of Authority by Agent.**—W., being authorized to sell certain land of defendant, *subject to a certain lease*, made a written contract of sale to plaintiff, by which he assumed to bind his principal to convey the land "in fee-simple, and with a perfect title free from all incumbrances." *Held*, that the contract is unauthorized, and not enforceable.

Appeal by plaintiff from an order of the district court for Hennepin county, *Shaw*, J., presiding, refusing a new trial, the action having been dismissed at the close of plaintiff's evidence.

*W. P. Clough*, for appellant.

*McNair & Gilfillan*, for respondent.

BERRY, J.   This action is brought to enforce specific performance of an agreement to sell and convey certain land, alleged to have been executed by Whitney, as agent of defendant, by whom the land was owned.

1. As to the fact of agency, we are of opinion that the letters introduced upon the trial, and which compose all the evidence in the premises, constitute Whitney defendant's agent to sell the land for $2,500 cash, subject to Miller's lease, and for a compensation of $50.   They do not purport to be a contract directly with the plaintiff, the alleged vendee, to sell to him, but an authority to Whitney to enter into a contract of sale with some one.

2. The seal which Whitney affixed to the agreement was unauthorized, because Whitney's authority to sell was not under seal; but it may be rejected as a separable excess of authority, and the agreement stand as a simple contract.   *Dickerman* v. *Ashton*, 21 Minn. 538; *Long* v. *Hartwell*, 34 N. J. Law, 116; *Lawrence* v. *Taylor*, 5 Hill, 107.

3. The agreement executed assumes to bind defendant to convey

the land "in fee simple, and with a perfect title, free from all incumbrances." This is in excess of the authority conferred upon Whitney to make a sale subject to the Miller lease. "Where there is a complete execution of a power, and something *ex abundanti* added, which is improper, there the execution shall be good, and only the excess void; but where not a complete execution of a power, where the boundaries between the excess and execution are not distinguishable, it will be bad." *Alexander* v. *Alexander*, 2 Ves. 640, 644; Ewell's Evans on Agency, 170; Story on Agency, §§ 165–168; Sugden on Powers, c. 9, § 2. The instrument executed by Whitney is not an agreement for a sale and conveyance subject to the Miller lease, with something superadded in excess of Whitney's authority, in which case the excess might be rejected, and the rest of the agreement sustained. But the thing ostensibly contracted for is entirely different from that authorized, and therefore the purported agreement is not "a complete execution of the power," and, by consequence, not the agreement of Whitney's constituent, the defendant. Upon the facts as they now appear, the agreement is, therefore, under the rule above enunciated, bad and not enforceable.

Order affirmed.