ST. PAUL LAND COMPANY *vs.* LYMAN C. DAYTON and Wife.

October 18, 1887.

.Pleading—Power of Corporation to make Contract.—A complaint by a corporation for the enforcement of a contract made by it with the defendant need not allege that the plaintiff was empowered to make the contract.

.Same—Authority of Officer of Corporation. — The complaint, alleging that the contract was made by the defendants "with the plaintiff," and setting forth the contract in terms, which appears to have been made by the president of the corporation in its behalf, sufficiently shows, as against demurrer, that the president was authorized to make the contract.

·Contracts—Seal.—A contract under seal, for the purchase of lands, will stand as a simple contract, although the seal was affixed without authority.

,Summons—Service—Demurrer.—The fact that the summons in an action had not been served upon one of several co-defendants affords no ground for another defendant to demur to the complaint.

The plaintiff brought this action in the district court for Ramsey ·county, to compel specific performance of a contract for the sale of land. The complaint, after stating the incorporation of plaintiff, .alleges that "the defendants duly made and entered into an agreement in writing with the plaintiff," a copy of which was made a part ·of the complaint and which was as follows:

"This agreement, made and entered into this 7th day of October, 1886, by and between Lyman C. Dayton and May I. Dayton, his wife, of the city of Aberdeen, Dakota territory, parties of the first part, and F. D. Hager, president of the St. Paul Land Company, and representing the said company, party of the second part, witnesseth that the said parties of the first part agree to sell and convey by good and sufficient deeds of warranty and seizin to the St. Paul Land Company, or to its successors and assigns," (then follows .description of the land.) "Parties of the first part are to receive from .the parties of the second part the sum of three hundred dollars ($300)

an acre for all the said tracts which they can give good and sufficient
title to as aforesaid, and the parties of the second part aforesaid
agree to pay the sum of three hundred dollars ($300) an acre in cash
on the delivery of good and sufficient deed or deeds of such portions
of said tracts as good and sufficient deed or deeds can be given of
as aforesaid, as evidenced by abstracts of title of said tracts, to be
furnished by the parties of the first part to the parties of the second
part.

"Witness our hands and seal this 7th day of October, 1886.

| "Witnesses: | Lyman C. Dayton. | (Seal.) |
| "J. A. Smith. | Mrs. May I. Dayton. | (Seal.) |
| "E. S. LaClair. | F. D. Hager. | (Seal.)" |

The complaint also contains allegations to the effect that the plaintiff has always been and still is ready and willing to fulfil said agreement, and that the defendants and each of them have wholly failed and refused to perform each and all the terms of the agreement.

The defendants demurred separately to the complaint. Defendant Lyman C. Dayton appeals from an order by *Wilkin,* J., overruling his demurrer to the complaint, and defendant May I. Dayton appeals from an order by *Simons,* J., overruling her demurrer to the complaint. The grounds of demurrer assigned by both defendants were (1) that the court has no jurisdiction, (2) that the plaintiff has not legal capacity to sue, (3) that there is a defect of parties plaintiff, and (4) that the complaint does not state facts sufficient to constitute a cause of action.

*Chas. N. Bell,* for appellants.

*Young & Lightner,* for respondent.

Dickinson, J. The defendants separately demurred to the complaint. Both demurrers will be considered in this opinion. The demurrers admit the corporate existence of the plaintiff, which is sufficiently alleged in the complaint. The complaint also shows the making of the contract sued on between the president of the plaintiff, contracting in its behalf, and the defendants, whereby the latter contracted to convey the lands in question to the plaintiff. The demurrer admits the making of this contract. Upon these facts the plaintiff

might rest, without affirmatively showing that by its charter it was empowered to make such a contract, or to purchase and hold real property. It need not specifically allege, as it need not prove, that the contract made with the defendants, and upon its face valid, was *not ultra vires.  Baker* v. *N. W. Guaranty Loan Co.*, 36 Minn. 185, (30 N. W. Rep. 464;) Bliss, Code Pl. 257.

The allegation that the defendants duly made and entered into the written contract "with the plaintiff" is sufficient, at least upon demurrer, as an averment that Hager, who in terms executed the contract in its behalf, was authorized to do so.

Although the seal be rejected as unauthorized, the instrument would be valid as a simple contract. *Dickerman* v. *Ashton*, 21 Minn. 538; *Thomas* v. *Joslin*, 30 Minn. 388, (15 N. W. Rep. 675.)

The summons and complaint were against both of these defendants; and the fact that one of them, May I. Dayton, had not been *served,* so as to have been brought within the jurisdiction of the court, at the time when Lyman C. Dayton interposed his separate demurrer, afforded no ground for his demurrer to the complaint.

The orders overruling the demurrers of both defendants are affirmed.