St. Paul Land Company *vs.* Lyman C. Dayton, impleaded, etc.

November 21, 1889.

**Vendor and Purchaser — Description in Contract.** — A description of land in a contract to convey, as "lot 6, lying within the city limits of St. Paul, amounting to six and seventy-hundredths acres, according to the government survey thereof, upon the Mississippi river," is sufficiently definite.

**Same—Reference to Ownership.**—Reference to the ownership in such a contract makes the following description sufficiently definite: "Whatever lots or lands which may be owned by the parties of the first part in the plat of Montville, aforesaid," etc.

Appeal by defendant Lyman C. Dayton, (impleaded with May I. Dayton, his wife,) from a judgment of the district court for Ramsey county, entered by direction of *Brill,* J.

*E. F. Lane,* for appellant.

*Young & Lightner,* for respondent.

Gilfillan, C. J.   This is an appeal by the defendant Lyman C. Dayton, the husband, from a judgment entered upon failure of defendants to answer in an action against him and his wife to compel specific performance of a written contract, executed by both, for the conveyance of certain real estate to the plaintiff.   The case was here twice before, (37 Minn. 364; 39 Minn. 315, 40 N. W. Rep. 66,) on one of which occasions (the decision being reported in 37 Minn. 364, 34 N. W. Rep. 335,) the question of the sufficiency of the complaint as to stating facts sufficient to constitute a cause of action, was before the court.   The complaint was held sufficient, and it might be taken as *res judicata* in the case.   But treating as still open all the questions that are now made as to the sufficiency of the complaint, we do not consider that any of the objections are well founded.

The first objection is that the lands to be conveyed are not all definitely described in the contract to convey.   Two instances are pointed out as subject to that objection, one piece described as "lot 6, lying within the city limits of St. Paul, amounting to six and seventy-hundredths acres, according to the government survey

thereof, upon the Mississippi river." Designating it as lot 6, according to the government survey, with the addition that it is in the city limits of St. Paul, and upon the river, in the absence of any showing that there is more than one such lot with all those characteristics, makes the description as certain as though the section, township, and range were given. The other description was: "Whatever lots or lands which may be owned by the said parties of the first part in the plat of Montville aforesaid, of which no certain description can be given at the present, but supposed to consist of," (specifying certain lots.) The reference to the ownership identifies the lots intended. *Sanborn* v. *Nockin,* 20 Minn. 163, (178.)

It is objected to the complaint and the judgment that the former asks for and the latter adjudges specific performance as to only a part of the property described in the contract, whereas, as it is claimed, the contract should be enforced, if at all, as an entirety. The contract, by its terms, was not, however, on the one part to sell, and on the other to purchase, all of the lands described in it, but only such of them as the defendants could give good and sufficient title to. The consideration to be paid was $350 an acre for all such. The complaint alleges, in effect, that defendants had not marketable and good title to the lands which it does not ask to have conveyed, and the referee appointed by the court, on the default, to ascertain the facts, finds to the same effect. The judgment decreed performance as to all the lands to which defendant had good title, which was in accordance with not only the spirit, but the letter, of the contract. We do not consider that any other of the appellant's points deserve mention.

Judgment affirmed.