CHARLES A. BARROWS *vs.* W. S. THOMAS.

May 13, 1890.

**Usurious Renewal Mortgage—Replevin by Mortgagee—Claim to Recover under Original Mortgage.**—In an action to recover personal property, the plaintiff, by his pleadings, placed his asserted right to recover solely upon a specified mortgage of the property from the defendant to the plaintiff. The defence of usury being interposed, the inquiry upon the trial of that issue extended to the question of usury in a prior note and mortgage, in renewal of which the later (junior) note and mortgage had been given. The junior note and mortgage having been found to be usurious, but the senior note and mortgage being free from it, *held*, that the plaintiff was not entitled, in this action, to recover the property under the senior mortgage. The right to recover under that mortgage was not in issue nor litigated.

Appeal by plaintiff from an order of the district court for Pope county, *C. L. Brown*, J., presiding, (acting for a judge of the 7th district,) granting a new trial.

*Knute Nelson* and *Chas. P. Reeves*, for appellant.

*L. T. Storey* and *T. T. Ofsthun*, for respondent.

DICKINSON, J. This is an appeal by the plaintiff from an order granting a new trial. The action was for the recovery of personal property; the plaintiff's right of possession, as set forth in his complaint, and as expressly admitted in his reply, being based upon a mortgage to him of the property in question, executed by the defendant in March, 1888, as security for a promissory note of the mortgagor made at the same time. The answer alleged that the note and mortgage were usurious. Upon the trial evidence was presented to the effect that the note and mortgage of March, 1888, were given in renewal of a former note of the defendant, made in May, 1887, which was secured by a chattel mortgage upon a part of the property in question, namely, a steam thresher engine and feed-mill. That former mortgage was received in evidence, but under objection, and the question whether that former note was usurious was litigated. The court instructed the jury that if it should be found that the later note

and mortgage involved usury, but that the prior mortgage was free from it, then, under that prior mortgage, the plaintiff would be entitled to recover the engine and feed-mill.    The court was right in granting a new trial.    It appearing that the mortgage under which alone the plaintiff asserted a right to the property was given to secure a note which was a renewal of the former note, an inquiry as to whether that former note was affected with usury was relevant to the issue; and so the parties seem rightly to have treated the case.    But there was nothing in the course of the trial to justify the conclusion that the defendant consented to litigate the question, not involved in the pleadings, whether under the mortgage of 1887 the plaintiff was entitled to the possession of the engine and feed-mill.    The defendant was not called upon, either from the nature of the pleadings or from anything occurring at the trial, to interpose any defence which he might have to a claim of a right to take the property under that first mortgage.    That mortgage may have been released by the mortgagee.    If such a defence, or any other, existed as respects the right of the plaintiff to take the property under that mortgage, the defendant was not required to present it in this action.

Order affirmed.