## Lebrecht Uhlendorf
### v.
## Abraham Kaufman et al.

*Partnership—Judgment Notes—Right of Single Partner to Sign Firm Name to.*

1. While a partner is not authorized to sign the firm name to a power of attorney to confess a judgment, a judgment entered under such a power is not void, but voidable only as to, and at the instance of him whose name has thus been unwarrantably made use of.

2. Such judgment may be ratified by him either directly, or by waiving his right to object thereto.

3. A party to a given suit having a right to have a certain judgment set aside as to him, without reference to the merits, waives the right by pleading thereto.

4. Persons who enter into partnership thereby make their partners agents to bind them in all matters within the scope of the partnership agreement, and while the confession of judgments is not within the terms of an ordinary partnership compact, the making of promissory notes is; likewise an agreement extending or reducing the time within which a debt shall become due, as well as the taking up of old notes and the giving of new therefor.

5. As a general rule where there is a complete execution of a power and something "*ex abundanti*" added, which is improper, then the execution shall be good and only the excess void; but where there is not a complete execution of a power, or where the boundaries between the excess and execution are not distinguishable, it will be bad.

6. Where instruments to which one of several partners affixed the firm name embodied unauthorized powers of attorney to confess judgments, the same may, under certain circumstances, be valid as promissory notes of the firm.

[Opinion filed November 2, 1891.]

In error to the Superior Court of Cook County; the Hon. Elliott Anthony, Judge, presiding.

November 27, 1888, a judgment, by confession, for the sum of $16,217.70, was entered in the Superior Court in favor of the defendants in error and against the plaintiff in error and one Henry Sues, they then being partners under the firm name of Sues & Uhlendorf.

The declaration under which the judgment was entered contained two counts, each upon an instrument having embodied therein a note and a power of attorney to confess judgment. The signature to each instrument was " Sues & Uhlendorf." The judgment was entered in open court in term time.

November 28th, Lebrecht Uhlendorf, the plaintiff in error, filed his motion in the Superior Court to vacate the judgment *as to him*, upon the ground that the judgment notes, although for a valid indebtedness, were made entirely without his authority, knowledge or consent, and with such motion submitted the affidavits of himself and Henry Sues, to the effect that the making of the judgment notes was never authorized by Uhlendorf, and had never been assented to or ratified by him, the firm name having been signed by Sues to such notes without the knowledge of his partner.

Without directly denying this motion, the court ordered that Uhlendorf have leave to plead to the merits within ten days and that the judgment stand as security. No exception was taken to this order.

Uhlendorf thereupon filed three pleas, viz.: the general issue that he did not make and deliver the writing in the said declaration mentioned, and that he is not, and never was, jointly liable with Sues in respect to the said cause of action. These pleas were verified.

An agreed statement of facts was submitted to the court, from which it appeared that the firm being largely indebted to the plaintiffs in October, 1889, Sues, with the consent of Uhlendorf, gave the firm's judgment notes therefor and left them with one Edmund Furthmann, it being agreed by all parties that Furthmann should hold them in escrow until their maturity in February, 1889.

The plaintiffs being dissatisfied with this arrangement, in November, 1888, applied to Sues, and at their request he signed the firm name to the judgment notes in question in this case; these he delivered to the plaintiffs and they gave them to Furthmann, who had all this time acted as the attorney for all parties. Uhlendorf was not consulted about the making of

the last notes and knew nothing about their execution or of the warrants of attorney embodied therein, until after judgment had been entered thereon, and has always refused to ratify Sues' action in giving them.

Plaintiffs do not admit that they sought or desired to keep Uhlendorf in ignorance of any of the facts. Immediately after the entry of judgment, execution was issued, and the sheriff at once took possession of the firm assets.

Within two hours after the entry of judgment a general assignment for the benefit of creditors was made by Sues & Uhlendorf, the sheriff then being in possession under execution upon the judgment.

The matter being submitted to the court, it found for the plaintiffs upon the issues raised by the pleas; to this finding Uhlendorf excepted and he has brought the matter here by writ of error.

Mr. Joseph H. Fitch, for plaintiff in error.

Messrs. Quigg & Bentley, for defendants in error.

Waterman, P. J.   While it is in this State the settled doctrine that a partner is not authorized to sign the firm name to a power of attorney to confess judgment, a judgment entered under such a power is not void but voidable only as to, and at the instance of, him whose name has thus been unwarrantably made use of.   Sloo v. The State Bank of Illinois, 1 Scam. 428; Lyon v. Boilvin, 2 Gilm. 629; Truitt v. Wainwright et al., 4 Gilm. 411; Lake v. Cook, 15 Ill. 353–356; Norton v. Allen, 69 Ill. 306; Hier v. Kaufman, 134 Ill. 215.

As a judgment is as to the partner by whom it was not authorized, if for a valid indebtedness of the firm, not void but voidable only, it may be ratified by him either directly or by waiving his right to object thereto.   Bates on Partnership, Sec. 378; Lindley on Partnership, notes to page 272; Martin v. Judd, 60 Ill. 78–84; Bivingsville Cotton Manf. Co. v. Bobo, 11 Rich.; S. Car L., 386; Cash v. Tozer, 1 Watts & S. 519; Overton v. Tozer, 7 Watts, 33; Brown v. Cingmars, 2 U. Can. Prac. R. 205.

In the present case the court, upon hearing the motion of Uhlendorf to set aside the judgment as to him, without directly passing upon the motion, ordered that he be given leave to plead to the merits; this he did. It is now contended that the want of authority to confess being clear, Uhlendorf had a right to have the judgment set aside without reference to merits.

Even if this be the case, yet such right was one which could be waived, and he would seem by tendering an issue and going to trial upon the merits, to have waived the legal right he had before urged to annul the judgment without reference to merits. By his consent and action the court entered upon an investigation entirely superfluous, if the judgment was to be set aside for want of authority in Sues to sign the firm name to the power of attorney.

Having been defeated in the trial thus induced, he now seeks to fall back upon what he insists was his original right. This we do not think he can do; he must now stand or fall by the issues made upon the pleas he voluntarily filed.

It is also insisted that the pleas being verified, and thus throwing upon the plaintiff the burden of proving the execution, by the firm, of the notes, the issue should have been found for the defendant.

Plaintiff in error urges that as each warrant of attorney and note constituted but one instrument, the warrant of attorney being unauthorized, the note contained in the paper falls with the power. In other words, he claims that the signature of the firm being unwarranted as to a part of the document, the signing does not bind the firm as to anything the writing contains, and consequently the court should have found that Uhlendorf never executed the notes and was not jointly liable thereon.

Persons who enter into partnership, thereby make their partners agents to bind them in all matters within the scope of the partnership agreement. The confession of judgments is not within the terms of an ordinary partnership compact, but the making of promissory notes is, and so, too, is an agreement extending or reducing the time within which a

debt shall become due, as well as the taking up of old notes and the giving of new therefor.

By the compact of partnership Sues was authorized to take up the notes held in escrow by Furthmann and to substitute notes delivered unconditionally therefor.

Were these instruments to which he affixed the firm name, having embodied therein unauthorized powers of attorney to confess judgment, valid as promissory notes of the firm?

In Coke's Commentary upon Littleton, 258a, it is said: "Regularly, it is true that where a man doth less than the commandment or authority committed unto him, the commandment or authority not being pursued, the act is void. And when a man doth that which he was authorized to do, and more, then it is good for that which is warranted and void for the rest; yet both these rules have divers exceptions and limitations."

In Alexander v. Alexander, 2 Ves. Sr. 644, it is declared to be the rule that "where there is a complete execution of a power and something *ex abundanti* added which is improper, then the execution shall be good and only the excess void; but where there is not a complete execution of a power, or where the boundaries between the excess and execution are not distinguishable, it will be bad."

The rule is stated substantially in the same way in Mechem on Agency, Sec. 416; Thomas v. Joslin, 30 Minn. 388; Ewell's Evans on Agency, 170; Jessup v. City Bank, 14 Wis. 395.

The distinction in these instruments between the authorized notes and the unwarranted powers of attorney is clear, and we see no reason why, as admissions of indebtedness, the instruments did not bind the firm. The instruments to which the firm name was signed being given, *bona fide*, for an admitted indebtedness of the partnership, plaintiffs might have struck out therefrom the warrants of attorney, leaving simply the notes; to these there was no defense.

When, upon the issues found under the pleas interposed by the defendant below, Uhlendorf, the instruments were offered in evidence, they must have been considered as though containing no power of attorney; there was then a variance

between the declaration and the proof, but this was not insisted upon, and if it had been, the court would have permitted the plaintiffs to amend by striking out the powers of attorney, leaving simply the notes, and to have changed the declaration by omitting therefrom all allegations as to the making of powers of attorney.

In effect the issue tried in the court below was upon two instruments alleged to be promissory notes made by the firm of Sues & Uhlendorf, and given for a partnership indebtedness; Sues having confessed the allegations, Uhlendorf filed pleas which required proof of the execution of the notes and his joint liability; this was supplied by an agreed statement of facts.

Whether the court ought not in the first instance upon the motion of Uhlendorf, to have set aside the judgment instead of ordering that he have leave to plead to the merits, is not before us, as its action in that regard was not excepted to.

We are of the opinion that the court below, after trial upon the issues raised by the pleas filed by Uhlendorf, properly refused to set aside the judgment, and that the same must be affirmed.

*Judgment affirmed.*