## Nels O. Cassem v. Albert E. Brown et al.

1. COGNOVIT—*Caption Not an Essential Part.*—The caption of a *cognovit* upon which a judgment is confessed in vacation is not an essential part of the instrument, and if defective, may be treated as surplusage.

2. JUDGMENT BY CONFESSION—*Election of Time by Holder of Note.*— Where a warrant of attorney authorizes the confession of a judgment upon a promissory note, either in term time or vacation, it is for the holder of the note to elect when he will confess the judgment.

3. SAME—*On a Partnership Note.*—Where the firm name is signed to a warrant of attorney to confess a judgment by a partner not authorized to do so, a judgment entered under such power is not void but voidable only, and the other partners affected thereby, alone can object.

**Petition,** to vacate a judgment by confession. Appeal from the Circuit Court of Kendall County; the Hon. GEORGE W. BROWN, Judge, presiding. Heard in this court at the December term, 1897. Reversed and remanded with directions. Opinion filed February 28, 1898.

CHARLES WHEATON, attorney for appellant.

A. J. HOPKINS, F. H. THATCHER and F. A. DOLPH, attorneys for appellees.

MR. JUSTICE WRIGHT DELIVERED THE OPINION OF THE COURT.

In vacation of the Circuit Court June 2, 1897, upon a note and warrant of attorney, appellant caused a judgment for $560.95 to be entered against L. M. and N. I. Watters. Appellees, claiming to be creditors of N. I. Watters, who had made an assignment, under the statute, for the benefit of creditors, petitioned the Circuit Court, at the ensuing October term, to set aside the judgment so entered for the reason, as they alleged, the declaration and *cognovit* filed in the court did not authorize such judgment to be entered until the October term, 1897. The court allowed the petition of the appellees, and ordered the judgment vacated, from which the appellant prosecutes this appeal, and insists such order of the court was erroneous.

Appellees, in this court, seek to justify the order of the Circuit Court, by which the judgment was vacated, because the declaration, in its caption, recites: " Circuit Court of Kendall County. In vacation, October term, 1897." And the *cognovit*, also in its caption, recites: "In the Circuit Court of Kendall County. October term, 1897."

From these recitals it is argued the judgment was prematurely entered, as being authorized only at the October term, 1897, and was therefore void. It is also objected the affidavit, proving the execution of the note and warrant of attorney, was defective, in that it fails, as alleged, to prove the execution of the warrant of attorney by L. M. Watters, the only statement in the affidavit, in that respect, being that N. I. Watters signed the name of L. M. Watters as her agent, and that he claimed to be her agent when he signed

her name, and from this it is contended that no jurisdiction was conferred in consequence of such alleged defective affidavit.

This court considers there is little force and less merit in the point that the recitals in the captions of the papers, quoted above, necessarily mean the judgment must have been taken only at the ensuing October term, and that having been entered in vacation, it was, *ipso facto*, void.   In the case of George v. People, 167 Ill. 447, it appeared in the caption, the indictment was found at the March term of the Criminal Court, 1806 (an impossible date), but the court held the caption no part of the indictment, and that the mistake as to the time therein stated did not vitiate it.   If, as seen, the caption of an indictment is no part of it, we see no reason for regarding the captions of the pleadings filed in the case here presented, as such essential parts thereof, that by reason of the recital therein, we must hold void the judgment entered upon them.   The warrant of attorney, under the authority of which the judgment was entered, permitted the same to be confessed in term time or vacation, and it was for the holder of the note to elect when the judgment should be confessed.   Keith v. Kellogg, 97 Ill. 147; Whitney v. Bohlen, 157 Ill. 571.   By filing the papers in vacation, as he did, appellant thereby elected to have the judgment confessed at that time, and the clerk properly so entered it.

The objection to the affidavit, if possible, has less force than the previous point, and can not be sustained.   Upon its face the affidavit shows that I. N. Watters signed the warrant of attorney for L. M. Watters, at the time claiming to be her agent.   Nothing in the record contradicts this statement.   L. M. Watters, who alone is affected by this irregularity, if such it be, is not objecting.   Where the co-defendants were partners, by that fact one was not authorized to sign the firm name to a warrant of attorney to confess judgment, yet a judgment entered under such power is not void, but voidable only, and at the instance of him whose name has been thus unwarrantably made use of.   Uhlendorf v.

Kaufman et al., 41 Ill. App. 373, and cases cited. In the case presented the judgment debtor does not appear, the creditors of her co-defendant alone appearing and objecting. This, it is well settled by the authorities, they can not do. If the judgment debtor herself had appeared and made the objection, it would have availed her nothing, without showing some legal or equitable defense to the amount of the judgment. Surely these creditors of N. I. Watters are in no better position. No defense is suggested in the record to the merits of the judgment, and it must be assumed there is none.

In Hier et al. v. Kaufman et al., 134 Ill. 225, it was said : " This court has decided in Colson v. Leitch, 110 Ill. 504, that a court of equity will not enjoin a judgment at law where there has been no service, unless it is alleged and proved that, if the relief be granted, a different result will be obtained than that already adjudged by the void judgment. Such relief will not be granted, if it appears, as does appear in the case at bar, that the debtor owes the amount of the judgment, and has no defense either legal or equitable to the debt for which the judgment is rendered." The same doctrine is announced by Freeman in his work on Judgments, Sec. 498, where it is said : " The better established rule undoubtedly is, that notwithstanding an alleged want of service of process, a court of equity will not interfere to set aside a judgment until it appears that the result will be other or different from that already reached. This principle applies not only when the application to set aside the judgment is made by the debtor, who claims he was not served with process, or gave no authority to confess judgment, but also where such application is made by a creditor or other third person." Martin v. Judd, 60 Ill. 78.

In Farwell et al. v. Huston, 151 Ill. 246, the court say : " This court has held, in a number of cases, that a court of law exercises equitable jurisdiction over a judgment by confession; that if there is an absence of authority to confess, the debtor will not be forced into a court of chancery to obtain relief, but may move to set aside the judgment before the

court of law which rendered it; and that such court of law may open the judgment and permit the debtor to present his defense, if he have any, but will, however, protect the creditor, by permitting the judgment to stand as security. Yet such relief will not be granted, if it appear that the debtor owes 'the amount of the judgment, and has no defense either legal or equitable to the debt for which the judgment is rendered. Citing Colson v. Leitch, and Hier v. Kaufman, *supra*. See also, Martin v. Judd, 60 Ill. 78, where it was held that a third party has no right to object to a judgment on the ground that it was confessed without authority from the judgment debtor to do so, but that the right to interpose any such objection belongs alone to the judgment debtor."

In The Havens & Geddis Company v. First National Bank of Pana, 162 Ill. 35, it was held that a motion of judgment creditors to set aside prior judgments confessed by their debtor in vacation in favor of another creditor, can not be sustained, except upon a showing of fraud by the debtor in making such confession.

The order of the Circuit Court will be reversed and the cause remanded to that court with directions to deny the petition.