77   677
s182s  68

## Harlow N. Higinbotham v. Chicago Title & Trust Co., Assignee.

1. Voluntary Assignments—*Order Discontinuing Proceedings Not Void Because Prematurely Entered.*—An order discontinuing assignment proceedings entered by the County Court under Sec. 15 of the act concerning voluntary assignments (Hurd's Statutes, 1898, page 174), is not void merely because made before the expiration of three months allowed by the statute to creditors to present their claims.

2. Same—*County Courts Administer Both Law and Equity.*—In proceedings under the act concerning voluntary assignments, unless some equitable grounds demand the vacation of an order discontinuing the proceedings entered before the expiration of the time allowed for creditors to file their claims, it will not be done.

Voluntary Assignments.—Petition to set aside an order discontinuing proceedings.   Entered by the County Court of Lake County; the Hon. DeWitt L. Jones, Judge, presiding.   Hearing and petition denied. Appeal by petitioners.   Heard in this court at the May term, 1898. Affirmed.   Opinion filed September 26, 1898.

Clarke & Clarke, attorneys for appellant.

Smoot & Eyer, attorneys for the Chicago Title & Trust Co., assignee and appellee.

Whitney & Upton, attorneys for Isaac Goldberg, assignor and appellee.

Mr. Justice Wright delivered the opinion of the court.

Appellant and others filed in the County Court, November 6, 1897, their petition to set aside the order of the court previously entered, December 1, 1896, discontinuing the assignment proceedings commenced in that court October

13, 1896, by the assignment of Isaac Goldberg as insolvent, to the appellee as assignee. The court denied the prayer of the petition, from which order appellant prosecutes this appeal.

The section of the statute conferring authority to make orders like the one of which complaint is here made is as follows:

" Sec. 15. All proceedings under the act of which this (section) is amendatory may be discontinued upon the assent in writing of such debtor, and a majority of his creditors, in number and amount; and in such case all parties shall be remitted to the same rights and duties existing at the date of the assignment except so far as such estate shall have already been administered and disposed of; and the court shall have power to make all needful orders to carry the foregoing provisions into effect."

The only question made here by counsel for appellant, in their brief and argument, as we understand them, is, that the order of discontinuance, having been made before the expiration of three months allowed by statute to creditors to present their claims, is for that reason void for the want of the jurisdiction of the court to make it.

It was not claimed by appellant in his petition to the County Court, nor is it here, that a majority of the creditors of Isaac Goldberg did not in fact assent in writing to the order of discontinuance; and the question argued, that the County Court had no authority, before the expiration of three months, to order the discontinuance of the proceedings, does not therefore necessarily arise for decision. If in fact a majority of the creditors, in number and amount, of Isaac Goldberg, have assented in writing to the discontinuance—and in the absence of averment or proof to the contrary it must be so considered—then, although the order may have been prematurely entered, still it did appellant no harm, for it would have been proper to have made it at a later time, even at the time his petition was presented and denied, and with no other effect, as regards the rights of appellant than the order then in force. In proceedings

like this the court administers both law and equity; and unless some equitable grounds demand the vacation of the order in question it will not be done. It has been held in cases of confessed judgments that they will not be set aside unless some equitable defense exists against the debt for which they were rendered, although void when entered. Cassem v. Brown, 74 Ill. App. 346, and cases cited. The same principle is applicable here.

The order of the County Court will be affirmed.