## FLORENCE MAY ATHERTON v. JOHN P. BARBER and Another.[1]

December 9, 1910.

Nos. 16,942—(134).

**Sale of land — liability of wife for husband's false representations.**

In an action against a husband and wife to recover damages for deceit in a real estate transaction, the complaint charged that the title to the property deeded to the respondent stood in the name of the wife of the appellant, and that she deeded it to respondent in pursuance of negotiations fraudulently conducted by her husband with respondent. *Held:*

1. The complaint states a cause of action in deceit as against both husband and wife. In such a case the wife is liable for the torts and fraudulent representations of the husband, committed by him in the course of and within the scope of his agency, even if she did not expressly authorize them. The benefit which she received by the transaction is not necessarily the limit of the amount of recovery against her for the fraud. The evidence was sufficient to sustain a finding that the husband was her agent in procuring a sale or exchange of the property involved.

2. The court did not err in permitting an amendment to the reply that a third party was apparently acting as the agent of respondent in the execution of the contracts, when in fact he was the representative of appellants.

[1]Reported in 128 N. W. 827.

3. No error is discovered with reference to certain rulings of the trial court on the reception of evidence.

Action in the district court for Hennepin county to recover $5,-825 for alleged fraudulent representations in two exchanges of land. Among other things the complaint alleged "that in various conversations on and prior to January 3, 1907, the said J. P. Barber, represented and stated to the plaintiff that said lots owned by defendants were beautifully situated, lying above grade; that the city water was already laid in the street in front of said lots, and that the telephone lines were running past said lots;" "that for the purpose of inducing the plaintiff herein to make said agreement and transfer, the said defendant wrongfully, and for the purpose of deceiving the plaintiff herein and defrauding her of her property, represented and stated to the plaintiff that said property consisted of four lots of forty feet each and that it was well and reasonably worth $1,200; that he stated to the plaintiff she could readily make sale of each of said forty foot lots at $300 each and that there was a demand for the same at that price," but that, in fact, said lots sold and transferred by said defendants herein to the plaintiff were not up to grade, were low, and the same were not desirable for building purposes, and in truth and in fact, there was no demand or market for said lots; that the city water was not within a mile of said lots; that there were no telephone poles or lines near said lots; there was no beautiful or any residence on the corner across from said lots, and only an unpainted small house across the street from said lots which did not cost to construct to exceed $300; and that the property conveyed to plaintiff was not of any greater value than $300. The substance of the answers is stated in the opinion. The case was tried before John Day Smith, J., and a jury which returned a verdict in favor of plaintiff for $3,570. From an order denying defendants' motion for judgment notwithstanding the verdict or for a new trial, they appealed. Affirmed.

*Jesse Van Valkenburg,* for appellants.

*A. M. Harrison,* for respondent.

LEWIS, J.

Action for the purpose of recovering damages for fraudulently inducing respondent to enter into and to execute a contract for certain real estate. The answer of appellant Mrs. Barber was a general denial, and the answer of appellant Mr. Barber denied any fraudulent representations, and alleged that the exchanges were made by him at the solicitation of respondent and her duly-authorized agent, one Nyborg. Respondent's reply admitted that Nyborg acted for her, but alleged, on information and belief, that by collusion and agreement between Barber and Nyborg the latter became the agent of respondent for the purpose of assisting Barber to complete the transaction. This reply was amended at the trial, so as to allege that Nyborg was apparently the agent of respondent. The issues were submitted to a jury, and a verdict was returned in behalf of respondent against both appellants in the sum of $3,570.

Appellants argue that Mrs. Barber was entitled to judgment notwithstanding the verdict, or at least to a new trial, upon the ground that the complaint does not charge her as a party to the so-called fraudulent representations of Mr. Barber, and that there was no evidence to connect her in any way with the transaction. The complaint charged that the title to the Minnehaha property stood in the name of Mrs. Barber, that Mr. Barber was in the habit of using her name in real estate transactions, and that in pursuance of his negotiations with respondent Mrs. Barber deeded the property to respondent. It is true that the complaint states that respondent had no knowledge of the real interest which Mrs. Barber had in the property and does not state that she personally took any part in the fraudulent representations which induced respondent to make the trade; yet it is clear from the facts stated that Mr. Barber represented his wife in the transaction, and evidence was admissible to prove what was done by him in accomplishing the result.

Of course, a principal is not liable for the unauthorized acts of his agent. Thomas v. Joslin, 30 Minn. 388, 15 N. W. 675; Barrows v. Thomas, 43 Minn. 270, 45 N. W. 443; Commonwealth Title Ins. & Trust Co. v. Dakko, 89 Minn. 386, 94 N. W. 1088. But the principal is liable for the torts and acts committed by the agent in

the course of and within the scope of the agency, even if the principal does not authorize them. The responsibility of the wife for the acts of her husband, under similar circumstances, was expressly passed on in Knappen v. Freeman, 47 Minn. 491, 50 N. W. 533, where it was held that when a married woman employs her husband to negotiate a sale of her real estate, and in such negotiations he makes false representations, in an action by the purchaser to rescind the sale, the representations are to be held as though made by herself. She cannot retain the benefits of his negotiations and repudiate the means by which they were obtained.

The defendants joined in transferring the property secured, so that the transaction could not be rescinded and the property restored; but she was not relieved of responsibility for her husband's acts simply because she has placed herself in the position where she cannot restore the property. The benefit received by her is not necessarily the limit of the amount of recovery. Larson v. Fidelity Mut. Life Assn., 71 Minn. 101, 73 N. W. 711. She cannot deny the authority of her agent to make the representations by which the transaction was accomplished, and at the same time insist upon retaining the benefits thereof. Albitz v. Minneapolis & Pac. Ry. Co., 40 Minn. 476, 42 N. W. 394.

2. It is insisted by appellant that the court erred in permitting an amendment to the reply so as to allege that Nyborg was apparently acting as the agent of respondent in the execution of the contracts on her behalf. The objection was urged upon the ground that it introduced a new issue. We do not so understand it. The answer alleged that Nyborg was her agent, and it was proper to deny this by alleging that, while he was apparently her agent in negotiating the transactions, in fact he was the agent of appellant Barber. On that issue it was proper to show the true relations between the parties.

3. The objection to the question addressed to respondent, whether or not Nyborg was acting as her agent, may have called for a conclusion; but we do not consider it prejudicial error under the circumstances. We discover no error in receiving testimony as to the amount of grain grown on the farm, and as to Mr. Barber's promise to make a loan of $1,800 on the Minnehaha Park lots, nor as to the

amount of cash respondent received from the transaction. These matters were proper, for the purpose of showing up the entire transaction.

The evidence is ample to sustain the verdict as against both appellants, and it was not excessive.

Affirmed.