COXE BROS. & CO. v. ANOKA WATERWORKS, ELECTRIC LIGHT & POWER COMPANY.[1]

July 3, 1902.

Nos. 12,957—(84).

**Failure to Deliver Goods—Measure of Damages.**

Where a vendor refuses to deliver goods and merchandise according to a contract of sale theretofore entered into, the vendee may recover as damages the difference between the contract price and the market value of the property at the time and place of delivery. Where there is no market value at the place of delivery, the price in the nearest market, with the cost of transportation added, determines the value of the article.

**Counterclaim—Evidence.**

*Held,* that under the foregoing rule there was evidence at the trial of this cause which required the submission of defendant's counterclaim to the jury.

Action in the district court for Anoka county to recover $220.66 and interest for goods sold and delivered. Defendant interposed a counterclaim for $272.50 for breach of contract. The case was tried before Giddings, J., who directed a verdict in favor of plaintiff for the sum demanded. From an order granting a motion for a new trial, plaintiff appealed. Affirmed.

*Morphy, Ewing & Bradford,* for appellant.

*G. H. Wyman,* for respondent.

COLLINS, J.

The measure of damages applicable to defendant's counterclaim is well settled as follows: Where a vendor refuses to deliver goods and merchandise according to a contract of sale theretofore entered into, the vendee may recover as damages the difference between the contract price and the market value of the property at the time and place of delivery. Where there is no market value at the place of delivery, the price in the nearest market, with the cost of transportation added, determines the value of the article. There

[1] Reported in 91 N. W. 265.

was testimony in this case tending to show the market value of the coal contracted for, at the place of delivery, and that it was in substantial excess of the contract price. It was sufficient to raise an issue upon the counterclaim for the jury to pass upon, and in fact created the material issue at the trial. It was wholly disregarded by the trial court when it directed a verdict for the plaintiff for the full amount of its claim.

Reliance has been placed by plaintiff's counsel upon Lawrence v. Porter, 11 C. C. A. 27, 63 Fed. 62; also found, with an editorial note, in 26 L. R. A. 167. The syllabus, which fairly states the gist of the opinion; is as follows:

"The duty to minimize loss requires a buyer, upon breach by the seller of a contract to sell goods upon credit, to accept the latter's unconditional offer to sell at a reduced price for cash on delivery, where he is able to accept it, and goods of that kind and quality are not purchasable from other parties."

And it is contended that this rule of law governs this case, because, some thirty days after plaintiff refused to comply further with its contract to sell coal to defendant upon sixty days' time, as it had agreed to do, it offered to sell at a reduced price for cash on delivery; the proposed reduction in price being, as we understand it, an amount equal to the interest for sixty days upon the cash required to be paid as the coal might have been delivered under the contract. According to the Lawrence opinion, this was the exact value of the credit which had been offered to defendants in that case, and which they had accepted as one of the elements of the contract. We quite agree with the proposition that it is the vendee's duty to minimize or mitigate loss growing out of a vendor's refusal to perform his contract, but we are convinced that it was a totally unwarranted and unprecedented application of that rule. The cases cited fall far short of supporting it, and a careful research impels us to say that it is not sustained by a single authority. The learned editor of the Lawyer's Reports Annotated, in the note before mentioned, refers to it as a "somewhat striking" application of the rule as to the duty of a party to a contract, which has been broken without his fault, to keep down damages. We quite agree with him. It is striking because it "strikes out" of

a contract entered into by a vendor and a vendee one of the conditions, and substitutes another, to which the parties have not assented. It entirely abrogates the contract as made by the parties, and forces upon them another and wholly different one made by the court. This doctrine compels the vendee to pay cash, when he has applied and has contracted for credit, because, in the opinion of the court rendering that decision, "there seems to be no insurmountable objection in thus permitting a delinquent contractor to minimize his loss"; that is, by offering to sell for cash. It requires the vendee to secure and pay cash, less an amount equal to the interest,—at what rate does not appear from the opinion,—whether satisfactory or not.

To state it concisely, the court exchanges a contract of its own for that made by the parties, instead of compelling the delinquent party to make compensation in the way of damages, measured by the actual loss he has occasioned to the other party. We cannot indorse such an application of a well-known rule. It would encourage, instead of retarding, breaches of contract, because it enables one of the parties to escape a proper liability for a deliberate and indefensible violation of a bargain he had made, and allows a court arbitrarily to say that the value of a certain specified period of credit to a vendee is simply the interest he might have to pay to secure cash to take the place of the credit he has bargained for. But the application of the rule in question was specially improper here, because there was no testimony tending to show that the same quality of coal was "not purchasable from other parties,"—a qualification mentioned in the Lawrence case.

Plaintiff's counsel call attention to the fact that the reply alleged that the sale of one car of the coal prior to the contract, and independent of it, was upon thirty days' credit, and insist that this allegation must be taken as true. We do not see that it will make any difference in the result, but the fact is that this averment as to the credit being thirty days simply put in issue an allegation in defendant's answer that this particular car of coal was bought upon sixty days' credit.

Order affirmed.