COXE BROS. & COMPANY v. ANOKA WATERWORKS, ELECTRIC LIGHT & POWER COMPANY.[1]

December 4, 1903.

Nos. 13,620—(89).

**Evidence.**

Evidence examined, and *held* sufficient to justify the trial court in submitting to the jury the question whether there was a market at Anoka, this state, for coal of the variety of that involved in the action, and that the verdict of the jury is sustained by the evidence.

**Market Value.**

There may be a market value of a particular commodity at a particular place, whether it be there constantly kept in stock for sale or not.

[1] Reported in 97 N. W. 459.

Appeal by plaintiff from an order of the district court for Anoka county, Giddings, J., denying a motion for a judgment notwithstanding the verdict or for a new trial.   Affirmed.

*Morphy, Ewing & Bradford,* for appellant.

Where there is no market value at the place of delivery the price at the nearest market, with the cost of transportation added, determines the market value of the article.   The true measure of damages is the difference between the contract price and the price at the nearest market place, with cost of transportation from the place of shipment to the place of delivery.   The contract could not have been completed in Anoka; there was no market value and no market.   Upon the definition of market value, see Sloan v. Baird, 162 N. Y. 327, 330; 19 Am. & Eng. Enc. (2d Ed.) 1153; Sanford v. Peck, 63 Conn. 486, 493; Murray v. Stanton, 99 Mass. 345; Graham v. Maitland, 37 How. Pr. 307; Bullard v. Stone, 67 Cal. 477, 480; Wehle ·v. Haviland, 69 N. Y. 448.

In an action for the breach of an executory contract to sell and deliver goods the general rule as to the measure of damages is inapplicable where the purchaser could not go into the market at the agreed time and place and obtain the goods.   Cockburn v. Ashland, 54 Wis. 619.   See, also, 3 Sutherland, Dam. § 653; McDonald' v. Unaka, 88 Tenn. 38; Grand Tower v. Phillips, 90 U. S. 471; Capen v. De Steiger, 105 Ill. 185; Paine v. Sherwood, 21 Minn. 225, 232.

The question of a market should not have been left to the jury. Cockburn v. Ashland, supra; Read v. Morse, 34 Wis. 315; Spaulding v. Chicago, 33 Wis. 582.

*Wyman & Blanchard,* for respondent.

BROWN, J.[2]

Action to recover the value of certain coal alleged to have been sold and delivered to defendant, in which defendant had a verdict, and plaintiff appealed.   The action was here on a former appeal, and is reported in 87 Minn. 56, 91 N. W. 265.

It appears that the parties entered into a contract by which plain-

[2] START, C. J., absent, sick, took no part.

tiff agreed to sell and deliver to defendant, f. o. b. at Anoka, this state, six hundred tons of Youghiogheny "vein run of pile" coal, at $3.70 per ton, to be paid for by defendant within sixty days from date of delivery, under and pursuant to which plaintiff delivered to defendant about fifty tons, but refused to deliver more, or further comply with the agreement, unless defendant should pay for the coal cash on delivery. That plaintiff, by this refusal, committed a breach of the contract, entitling defendant to damages, is conceded. Subsequently this action was brought to recover the value of the coal actually delivered, in which defendant interposed a counterclaim for damages for the breach.

The principal question litigated on the trial below was whether there was a market at Anoka for the variety of coal specified in the agreement between the parties. The court submitted that question to the jury to determine, and also the question as to the market value of such coal at Anoka; directing them that the difference between the contract price and such market value was the measure of defendant's damages for plaintiff's breach of the contract. The assignments of error in this court present one main question, namely, whether the court erred in so instructing the jury. It is insisted by plaintiff that the evidence conclusively showed that there was no market 'for this particular variety of coal at Anoka, and that the court should have so instructed the jury as a matter of law. Our examination of the record satisfies us that the trial court was correct in its instructions in this respect, and the order appealed from must be affirmed.

The evidence is practically similar to that given on the former trial, and it was stated in the former opinion, written by Justice COLLINS, that there was testimony in the case tending to show the market value of the coal contracted for at Anoka, and that it was sufficient to raise an issue for the jury to pass upon. Our re-examination of the evidence tends only to confirm the view of the court as there expressed. There is direct and positive testimony in the record now before us that there was a market for this particular variety of coal at Anoka. The mere fact that the market value at Anoka, the place of delivery provided for by the contract, included a profit to local dealers, in no way affects the question in controversy. Defendant was entitled to the difference between the contract price and the market value at the place

of delivery as its damages, and it is immaterial that such market value included a profit to local dealers. There may be a market value of a particular commodity at a particular place, whether the article is there constantly kept in stock for sale or not. Plaintiff is therefore in no position to insist that the market price at Duluth, with transportation charges to Anoka added, was the measure of defendant's relief.

The jury awarded a verdict for defendant for $235.72, which was clearly error, the jury having evidently failed to deduct the amount of plaintiff's claim against defendant from the damages awarded it; but the court corrected this error on the motion for a new trial by ordering the verdict reduced to the sum of $15.06. This practice was expressly approved by this court in the case of Brown v. Doyle, 69 Minn. 543, 72 N. W. 814. In that action, which was brought to recover upon a promissory note, defendant interposed a counterclaim for damages for breach of warranty; and the jury returned a verdict for defendant for the sum of $850, which was $200 more than he was entitled to. The trial court ordered a reduction of the verdict by deducting the amount of the note sued upon, and this court sustained the order. The case is directly in point, and is controlling.

No other assignments of error require special mention, and the order appealed from is affirmed.