ROBERT M. COLES *vs.* CHARLES J. BERRYHILL.

June 1, 1887.

**Judgment Lien—Unrecorded Conveyance.**—An unrecorded conveyance is void as against a judgment only when the judgment is against the person in whose name the title to the land appears of record (prior to the recording of such conveyance) in the office of the register of deeds of the county in which the land is situated. Gen. St. 1878, c. 40, § 21.

**Same—Patent Recorded in General Land-Office.**—The recording of a patent in the general land-office of the United States is not a recording within the meaning of our registry law.

**Costs—Taxation—Review.**—A judgment for costs, entered by the clerk of the district court, will not be reviewed here when the alleged errors have not been brought to the attention of that court by appeal from the taxation of costs.

Action to determine adverse claims to land in Kanabec county, brought in the district court for that county, and tried by *Crosby, J.,*

without a jury. The facts found are, in substance, as follows: On September 19, 1870, one George W. Nesbitt entered the land in question at the land-office at Taylor's Falls, and received the receiver's receipt. On August 1, 1871, a patent was issued by the United States to Nesbitt, and was thereafter recorded in the general land-office of the United States. On December 15, 1879, Nesbitt and wife executed and delivered to E. J. Chesley and W. Hammons a quitclaim deed of the land, which deed was recorded in the office of the register of deeds of Kanabec county on January 7, 1886. The plaintiff has by mesne conveyance acquired the interest and title of Chesley and Hammons. On May 4, 1876, John T. Squires and others duly obtained a judgment against Nesbitt for the sum of $226.48. This judgment was docketed in the district court for Kanabec county on September 17, 1885, and on December 18, 1885, by virtue of an execution on this judgment, all the right, title, and interest of Nesbitt in the land was levied on, and was afterwards sold by the sheriff to this defendant. Upon these facts judgment was ordered and entered for the plaintiff, and the defendant appealed.

*Berryhill & Davison,* for appellant.

*Hammons & Hammons,* for respondent.

MITCHELL, J.[1] If the judgment of Squires against Nesbitt acquired any priority over the unrecorded deed from Nesbitt to plaintiff's grantor, Hammons, it must have been by virtue of the statute regulating the recording of conveyances of real estate; but this statute, by its express terms, makes an unrecorded conveyance void as against a judgment *only* when the judgment is "against the person in whose name the title to such land *appears of record* prior to the recording of such conveyance." Gen. St. 1878, c. 40, § 21; *Dickinson* v. *Kinney,* 5 Minn. 332, (409, 417;) *Golcher* v. *Brisbin,* 20 Minn. 407, (453, 462;) *Lebanon Sav. Bank* v. *Hollenbeck,* 29 Minn. 322, (13 N. W. Rep. 145.) It can hardly be necessary to add that the statute has exclusive reference to the title as it appears of record *in the office of the register of deeds* of the county in which the land is situated, that being the place of record which the statute provides, and the only

---

[1] BERRY, J., was absent, and took no part in the decision of this case.

mode of registry to which it refers. The recording of a patent in the United States general land-office, however effectual as a substitute for actual delivery to the patentee, is not a recording within the meaning of this statute. The title to the land in question, at the time of the docketing of the Squires judgment, neither being in fact in the debtor, nor appearing of record in him, there was nothing to which the lien of the judgment attached.

The correctness of the judgment entered by the clerk of the district court for costs cannot be the subject of review here, the alleged errors not having been brought to the attention of the court by appeal or otherwise. *Jensen* v. *Crevier*, 33 Minn. 372, (23 N. W. Rep. 541.)

Judgment affirmed.

