HELEN JORGENSON v. MINNEAPOLIS THRESHING MACHINE COM-
PANY and Others.[1]

May 21, 1896.

Nos. 10,039—(90).

**Husband and Wife—Conveyance Through Third Party.**

The statutory rule (G. S. 1894, § 5534) which, in effect, declares invalid conveyances of real estate between husband and wife, refers only to direct conveyances from one to the other, and not to indirect conveyances through third persons (following McMillan v. Cheeney, 30 Minn. 519).    And it is immaterial that a conveyance from one to the other through a third person is in pursuance of a previously made and invalid agreement between husband and wife for such a conveyance.

[1] Reported in 67 N. W. 364.

**Same—Rights of Creditors of Third Party.**

Immediately upon the delivery of the deeds whereby, through a third party, the title to real property was transferred from a husband to his wife, the latter took, and thereafter retained, possession of the land, the deeds being simultaneously filed for record. The deed to the third party was recorded, but the deed from him to the wife was temporarily withdrawn from the register's office for the purpose of making a slight correction. Pending this correction, a creditor of the third party attached the land as his property, with full knowledge of all of the facts before stated. *Held*, that such creditor acquired no rights or interest in the land by virtue of such attachment, or through a purchase of the same at a sale upon execution to satisfy its judgment against the third party.

Action in the district court for Martin county by Helen Jorgenson against Minneapolis Threshing Machine Company, O. E. Oskerson, W. P. Hill, as sheriff, and J. B. Bushnell, to set aside an attachment, levy and sale of certain real estate and all proceedings whereby the premises were sought to be subjected to the lien of a judgment against defendant Oskerson and in favor of defendant company, and to set aside the sheriff's certificate of sale to defendant Bushnell and for other relief. From a judgment in favor of plaintiff, entered in pursuance of the findings and order of Severance, J., all the defendants except Oskerson appeal. Affirmed.

*H. H. Dunn* and *T. J. Knox*, for appellants.

*T. S. Fisk* and *Andrew C. Dunn*, for respondent.

COLLINS, J. The first contention of counsel for defendant threshing machine company in this case is that by reason of G. S. 1894, § 5534, which provides that "no contract between husband and wife, the one with the other, relative to the real estate of either, or any interest therein, shall be valid," no transfer of the title of the land in question from the plaintiff's husband to her, direct or indirect, could be made, and that the deeds by which plaintiff's husband and herself conveyed the land to defendant Oskerson, and the latter conveyed the same land to plaintiff, were and are absolutely void. We need not stop to inquire where this would leave the company, which attached the land as Oskerson's property, if it were true, for the claim of counsel was considered and disposed of in McMillan v. Cheeney, 30 Minn. 519, 16 N. W. 404, wherein it was held that the common-law rule and the statutory rule (section 5534, supra) forbidding con-

veyances of real estate between husband and wife referred only to conveyances from one to the other directly, and not to indirect conveyances through third parties; and there is an abundance of authority in support of this proposition.     Reeve, Dom. Rel. § 90; Schouler, Dom. Rel. § 192, with cases cited.

But counsel claim that the present case differs from that of McMillan v. Cheeney because it was alleged in the complaint, and found by the court, that the deeds of conveyance whereby this plaintiff obtained paper title to the land were executed and delivered in pursuance of an agreement previously entered into between the parties. There is no merit in the claim.  It seems to be predicated upon the assumption that, because the agreement to convey was in itself a nullity at law, the actually performed and fully executed contract must also be a nullity.   Null and void agreements, nonenforceable at law, frequently form the basis of agreements which are valid because performed and executed.  The validity of conveyances whereby title to real property is transferred from husband to wife, or vice versa, must be ascertained from the mode in which the transfers are made, and cannot be allowed to rest for determination in the doubt and uncertainty attending preliminaries.  The conveyances whereby the land in question was conveyed from the husband to the plaintiff wife were valid on their face.

From the findings of fact, all of which stood unchallenged, it appeared that the deeds were executed and delivered at the same time, were simultaneously filed for record, and that plaintiff immediately took, and thereafter had, possession of the premises.  The deed to Oskerson was recorded, but that from him to plaintiff was temporarily withdrawn from the register's office for correction; a slight error (the nature of which is not disclosed anywhere in the record before us) in the description having been detected.  Pending the correction—the next day after the withdrawal—the attachment was made, and counsel argue that, regardless of what the actual rights of Oskerson were, or whether he had or had not any real interest in the premises, he had the record title, could have sold or mortgaged the land to a third party, and hence he had an interest which could be attached by the threshing company, and thereafter sold on execution.  But the court found that immediately upon the execution of the deeds plaintiff took possession of the land; that she has ever

since resided upon it as her own property; that Oskerson never had possession; and that all of the facts and circumstances of the transaction, including the making of the deeds and their purpose, the filing for record, the withdrawal of one deed temporarily, and the reason, and plaintiff's possession, were actually known to the attaching creditor, who in fact, although not in name, purchased at the execution sale. This statement shows the infirmity of the argument. Oskerson could not have sold or mortgaged the premises to any one, nor could they have been attached as his property, except subject to the plaintiff's rights. They were protected by her possession. In addition to this, the threshing company had actual notice and knowledge of everything that had been done. It was entirely immaterial that the deed, properly corrected, was not filed for record until a few hours after the attachment.

Judgment affirmed.