ADONIRAM CLARK v. CLARA H. GREENE and Others.

July 28, 1898.

Nos. 11,133—(240).

**Unrecorded Deed—Judgment against Record Owner Takes Precedence—Facts Insufficient to Afford Constructive Notice.**

W., having secured title to a lot, deeded the same to C., who omitted to record his deed; and, while it so remained unrecorded, G. obtained, and duly entered and docketed, a judgment against W. At this time, and long prior thereto, the lot was wholly inclosed with a substantial fence built by W., but with funds belonging to C. There were no buildings or other improvements upon the lot, which was not cultivated or used for any purpose. Upon the fence there were posted at different places several signs, as follows: "For sale by W. & H.;" the number and place of their office being given. W., one of the firm who advertised this lot for sale, was the person in whose name the title to the lot stood of record. *Held*, that these facts were insufficient to overthrow the notice given by the registry that the title to the lot was in W.

**Same—G. S. 1894, ? 4180.**

*Held*, also, that the judgment of G. took priority over the unrecorded deed of W. to C., under G. S. 1894, § 4180, which provides "that every such conveyance not so recorded shall be void as against * * * any judgment lawfully obtained, at the suit of any party, against the person in whose name the title to such land appears of record, prior to the recording of such conveyance."

Action in the district court for Ramsey county to determine adverse claims to real estate. The cause was tried before O. B. Lewis, J., and judgment was ordered for plaintiff. Defendant Clara H. Greene moved for a new trial, and from an order denying her motion she appealed. Reversed.

*Stiles W. Burr*, for appellant.

This court has uniformly given the recording act a most liberal construction in favor of the judgment creditor as against the holder of an unrecorded title. Ferguson v. Kumler, 11 Minn. 62 (104); Dutton v. McReynolds, 31 Minn. 66; Wilkins v. Bevier, 43 Minn. 213; Wilcox v. Leominster Nat. Bank, 43 Minn. 541; Welles v. Baldwin, 28 Minn. 408; Bank of Ada v. Gullikson, 64 Minn. 91.

The rule that certain kinds of possession and occupancy may have effect as notice, like all judicial limitations of express statutes, must be strictly construed and sparingly applied against one innocent of bad faith. Wickes v. Lake, 25 Wis. 71; Brown v. Volkening, 64 N. Y. 76; Smith v. Yule, 31 Cal. 180. The question is not whether a mind of more than ordinary acuteness or caution might be aroused to suspicion and inquiry by the indications present on the land, but whether the ordinary, everyday intelligence would find in them anything to disturb a faith in the record title. M'Mechan v. Griffing, 3 Pick. 149; Patten v. Moore, 32 N. H. 382; Robertson v. Wheeler, 162 Ill. 566; Wickes v. Lake, supra; Brown v. Volkening, supra; Loughbridge v. Bowland, 52 Miss. 546; Coleman v. Barklew, 27 N. J. L. 357; 2 Devlin, Deeds, § 764; Truesdale v. Ford, 37 Ill. 210; 2 Pomeroy, Eq. Jur. § 620; 3 Washburn, Real Prop. 337.

The erection of fences about the land in controversy cannot alone operate as constructive notice of an unrecorded deed, nor put a judgment creditor of the record owner upon inquiry as to a possible title other than that appearing of record. M'Mechan v. Griffing, supra; Brown v. Volkening, supra; Ely v. Wilcox, 20 Wis. 551; Lipp v. Hunt, 29 Neb. 256; Murphy v. Burke, 47 Minn. 113; Wood v. Springer, 45 Minn. 299.

The presence upon the land of the sign of a real-estate broker assuming to offer the land for sale cannot, in the absence of special informatory circumstances accompanying it, operate as notice to a judgment creditor of the record owner, or put him on inquiry as to the existence of a possible unrecorded title. The signs, "For sale by Wheeler & Howell," were entirely consistent with the record title in Wheeler, the judgment debtor and record owner, and cannot be held to operate as constructive notice of the rights of one claiming under an unrecorded conveyance from Wheeler. That possession must be inconsistent with record title, see 3 Washburn, Real Prop. 336; Robertson v. Wheeler, supra; 2 Devlin, Deeds, § 769; 3 Wait, Act. & D. 450; Brown v. Volkening, supra; Pope v. Allen, 90 N. Y. 298; Kirby v. Tallmadge, 160 U. S. 379; Smith v. Yule, supra; Plumer v. Robertson, 6 Serg. & R. 179; May v. Sturdivant, 75 Iowa, 116; Dutton v. McReynolds, supra.

The condition of the land, fences and signs existed prior to the execution of plaintiff's unrecorded deed, and remained unchanged thereafter up to the time appellant's judgment was docketed. There being no change, actual or visible, in the so-called possession, either accompanying or following the conveyance to plaintiff, the "possession" is without effect as notice. See Roberts v. Grace, 16 Minn. 115 (126); Hamilton v. Ingram, 13 Tex. Civ. App. 604; Rogers v. Jones, 8 N. H. 264; Emmons v. Murray, 16 N. H. 385; Patten v. Moore, supra; King v. Paulk, 85 Ala. 186; Fitzgerald v. Williamson, 85 Ala. 585; Troy v. Walter, 87 Ala. 233; Bynum v. Gold, 106 Ala. 427; Griffin v. Hall, 111 Ala. 601; Plumer v. Robertson, supra; Claiborne v. Holmes, 51 Miss. 146; Loughbridge v. Bowland, 52 Miss. 546; Veazie v. Parker, 23 Me. 170.

*How & Butler*, for respondent.

Appellant Greene had notice of plaintiff's title. A judgment creditor and a purchaser in good faith stand on the same footing under our recording act. Lamberton v. Merchants Nat. Bank, 24 Minn. 281; Wilkins v. Bevier, 43 Minn. 213; Groff v. State Bank, 50 Minn. 234; Northwestern Land Co. v. Dewey, 58 Minn. 359. Possession of land that is sufficient to work a disseisin and ripen into perfect title against the world is, by force of the fact that it makes title, if continued for a sufficient length of time, notice to every person who may claim any right to or lien upon the property. We think an examination of the adverse possession cases in this state will establish that the condition of this land disclosed facts sufficient to put the appellant upon inquiry. Murphy v. Doyle, 37 Minn. 113; Costello v. Edson, 44 Minn. 135; Brown v. Morgan, 44 Minn. 432; Woods v. Springer, 45 Minn. 299; Donahue v. Quackenbush, 62 Minn. 132. There can be no plainer way of notifying the world of a claim of title to any tract of land than by inclosing it by a strong and substantial fence, and labeling it plainly with the name of the owner or the person or persons claiming the right to sell it. Hatch v. Bigelow, 39 Ill. 547.

Before appellant's lien can be established, it must appear that she acted, not only in good faith, but with extreme vigilance, otherwise the court will decline to subject the land of plaintiff to the

payment of the debts of another.   Ellis v. Horrman, 90 N. Y. 466; Reed v. Gannon, 50 N. Y. 345.

BUCK, J.

The plaintiff, Clark, brought this action against the defendants, to determine adverse claims to lot 10 of Wilkin & Heyward's out-lots to St. Paul, in Ramsey county, in this state.   The case was tried by the court, without a jury, and, upon the finding of facts, it found, as conclusions of law, that the plaintiff, Clark, was entitled to the judgment and decree of the court that he was the owner in fee simple of all the land described in the complaint, and that neither of said defendants has any interest in, title or claim to, or lien upon, said land, whatsoever, or any part thereof.   The defendant Clara H. Greene moved for a new trial, which motion was denied, and she brought this appeal.

Appellant, by her answer, set up a judgment of $3,018.25 in her favor against Rush B. Wheeler, alleged to be the owner of record to said lot.

It appears from the finding of facts that on May 8, 1890, Charles Waterman and William D. George owned the premises in controversy, and then mortgaged the same to the plaintiff, Clark, for $3,500, which mortgage was duly recorded that day.   On July 29, 1890, Waterman and wife executed a deed of the undivided one-half of said premises to Charles Butts, which deed was duly recorded March 26, 1891.   The said premises were then reconveyed by Butts to the wife of Waterman, July 29, 1890, and the deed was duly recorded March 26, 1891.   Default was made by the mortgagors in the conditions of the mortgage; and, it containing a power of sale, Clark instituted proceedings to foreclose the same by advertisement, and the premises under the foreclosure proceedings were bid off April 19, 1892, by one W. R. Wilmot, for the sum of $232.15, being the amount of one instalment, with costs; and a certificate was duly issued to Wilmot, which was duly recorded.

During all this time, plaintiff resided in the state of New York, and the defendant Wheeler and one S. L. Howell were co-partners, as real-estate dealers, brokers and lawyers, with offices at 301 Pioneer Press Building, in the city of St. Paul, under the firm name of

Wheeler & Howell, and acted as the agents and attorneys of plaintiff in his business in said city, and about said mortgage and its foreclosure; and about April 21, 1893, they, as such agents, and for the sole use and benefit of plaintiff, procured Wilmot to assign said certificate of foreclosure sale, and all his rights in said property acquired at said foreclosure sale, to said Wheeler, for the sole use and benefit of plaintiff, which assignment was duly filed and recorded May 2, 1893; and on April 22, 1893, Wilmot conveyed said premises to Wheeler, which conveyance was duly recorded December 4, 1893; and the latter, on said last-named day, conveyed said premises to plaintiff, but the deed has never been recorded.

Until the month of November, 1893, said lot was vacant and uninclosed, being from two to three acres in extent, situate in a settled portion of the city of St. Paul, bounded by streets on three sides, with a street running through the same; and, during said month, Wheeler, claiming title thereto for and in behalf of plaintiff, caused a substantial fence to be built along the boundaries of said land, inclosing, however, the same in two parcels, and placed upon said land and fence four signboards, upon all of which boards appeared plainly the words, "For sale by Wheeler & Howell, Room 301 Pioneer Press Building," two of which boards were placed upon fence posts on different sides of these two tracts, and upon a post placed within this tract for that purpose was placed another of these signs, and on one of the fence posts inclosing the other tract was placed the other of these signs, all of which was done prior to December 1, 1893, and the signs were then continuously maintained by said Wheeler for plaintiff until some time subsequent to November 4, 1895, on which last-named day there was entered and docketed in the district court, in favor of Clara H. Greene, and against Rush B. Wheeler, a judgment for the sum of $3,018.25, which judgment remains wholly unpaid.

The question in the case is whether appellant's judgment takes precedence of plaintiff's unrecorded deed. The appellant relies upon G. S. 1894, § 4180, which provides that

"Every such conveyance not so recorded shall be void as against * * * any judgment lawfully obtained, at the suit of any party,

against the person in whose name the title to such land appears of record, prior to the recording of such conveyance,"

And the various decisions of this court in the construction of said section. She concedes, however, the rule in this state, as elsewhere, to be that a judgment creditor having actual notice of an unrecorded conveyance will take subject thereto, and that under some circumstances he will be held charged with constructive notice, with like effect, by reason of a certain character of possession and occupancy of the land existing at the time when his judgment is docketed. It is within the latter rule that plaintiff seeks to bring his case.

As we understand the record, Wheeler received a deed of this lot on April 22, 1893, and recorded it December 4, 1893, from which time he was the person in whose name the title to such lot stood of record, until and after the defendant Clara H. Greene entered and docketed her judgment against Wheeler on November 4, 1895, in the district court of Ramsey county.

Did she have such notice of Clark's unrecorded deed from Wheeler, dated December 4, 1893, or of such facts as to put her upon inquiry as to Clark's rights in the property? When the fences were built, the title to the lot stood of record in the name of Wilmot, and had so stood from April 22, 1893. Shortly after the fences were built, Wheeler put his deed on record (December 4, 1893); and it has so stood ever since. Although he built the fences for Clark, and with money furnished by him, yet this was not known to the defendant Greene, and his building them was not, so far as she was concerned, hostile to Wheeler's record title, but in direct line with it. And these fences so remained consistent with Wheeler's title from December 4, 1893, until after said judgment was docketed, on November 4, 1895.

Was the building of the fences and the posted notice made by Wheeler & Howell sufficient to put Greene upon inquiry? The fences were substantial ones, and possibly, if only the question of adverse possession was involved, this might be deemed sufficient notice,—a question, however, which we do not decide; but there was no one in the actual possession of the lot, cultivating or residing

thereon, or from whom inquiry would result in ascertaining the true ownership or tending to the ascertainment of that fact. The notices posted, bearing these words, "For sale by Wheeler & Howell, Room 301 Pioneer Press Building," merely gave notice that certain persons had the property for sale, not that they were owners of it. And Wheeler's title of record stood in line with Wheeler's name on the notice, and persons knowing of or seeing both the title of record and notice would naturally be led to believe that Wheeler was the true owner. These facts were not sufficient, at least, to show that Clark owned the premises, while Wheeler's title of record was consistent with the work done by him in fact, in building the fences and advertising the lot for sale. Certainly, the evidence that Clark's possession was distinct and unequivocal is wanting, and should not be permitted to overthrow the notice given by the registry or record.

The main object of the registry laws is to uphold and protect recorded titles as against unrecorded titles or claims; and the gross negligence of parties in not recording their evidence of title or claims should not be encouraged, as it frequently leads to expensive litigation and loss of valuable property. The registry is presumed to be certain as to the contents of the instrument there recorded, as well as to the time and place of record, and these are easy of proof, while the indicia of notice and possession of property are frequently uncertain and unsatisfactory, and the question often one of conflicting testimony, especially when long periods of time intervene between the time of the creation of such acts of possession and notice and the time of the trial involving such questions.

Order reversed, and a new trial granted.