HORACE C. LYMAN v. GAAR, SCOTT & COMPANY.

January 6, 1899.

Nos. 11,374—(244).

**Attachment—Unrecorded Deed—Coles v. Berryhill Followed.**

*Held,* following Coles v. Berryhill, 37 Minn. 56, that an unrecorded conveyance is void, as against an attachment or judgment, only when they are against the person in whose name the title to the land appears of record in the office of the register of deeds of the county in which the land is situated.

**Adverse Claims—Finding of Court Sustained—Evidence.**

The finding and decision herein of the trial court to the effect that the plaintiff is the owner of the land in question, and that the defendant has no interest in, or lien on, it, are sustained by the evidence, and the trial court did not err in admitting the evidence.

From a judgment of the district court for Big Stone county in favor of plaintiff, entered pursuant to the findings and order of C. L. Brown, J., defendant corporation appealed. Affirmed.

*John M. Rees,* for appellant.

*E. F. Crawford,* for respondent.

START, C. J.

Action under the statute to determine adverse claims to real es-. tate. The trial court found that the plaintiff was the owner in fee simple of the land described in the complaint, and that the defendant had no title to, interest in, or lien upon, it, and that judgment be so entered. The defendant appealed from the judgment.

The only claim asserted by the defendant to the land by its answer was that on January 10, 1895, it levied upon all the right, title and interest of Henry A. Buzzell in the land, by virtue of a writ of attachment issued in an action then pending wherein it was ·plaintiff and he was defendant; that at the time of such levy the land belonged to Buzzell, although the legal title thereto was not in his name. The answer also alleged that a judgment was thereafter, and on July 12, 1895, entered in such action in its favor, and against Buzzell, for $752.45, which has not been paid.

The reply admitted that the attachment was issued as alleged, and that on January 10, 1895, a copy thereof, purporting to levy upon all of the interest of Buzzell in the land, was filed in the office of the register of deeds of the proper county; also the recovery of the judgment, and that it had not been paid; but it alleged that Buzzell had no interest in the land when the attachment was issued.

The evidence on the trial tended to show that on November 1, 1894, the Henry A. Buzzell mentioned in the answer held a contract for the purchase of the land in question from the St. Paul & Chicago Railway Company, upon which he had made partial payments; that on or about the day named he sold and assigned his contract to the plaintiff; and, further, that thereafter the plaintiff surrendered the contract and the assignment thereof to the railway company, paid to it the balance of the purchase price of the land according to the terms of the contract, and thereupon the railway company made and delivered to him its warranty deed of the land, in which its trustee, the Farmers' Loan & Trust Company, joined.

There was neither evidence nor claim on the trial that Buzzell ever had any other interest in the land except such as he acquired by his contract from the railway company, and there was neither

evidence nor claim that the contract, or the assignment thereof, had ever been recorded.

The defendant assigns as error the admission of the evidence tending to establish the foregoing facts, especially the admission of parol evidence of the contract and its assignment, which were in writing. Sufficient proof was made of the then nonexistence of the writings to justify the admission of the secondary evidence. It is also urged that the admission of the deed from the railway company to the plaintiff was error.

The deed was properly executed and acknowledged, and was competent and material evidence, in connection with the other evidence in the case, to which reference has already been made. It is true, as defendant claims, that there was no evidence, other than as we have stated, that the railway company ever owned the land; but the defendant alleged in its answer that Buzzell was the owner of the land, although he did not hold the legal title, and claims only through him.

The plaintiff having established prima facie, at least, that the only interest Buzzell ever had in the land was by virtue of his contract for the purchase of it from the railway company, and that all of his interest passed by the assignment to the plaintiff, it was competent to show that the latter had complied with the contract and received a deed of the land. This was sufficient proof to compel the defendant to show that it had some other and better right to the land.

The defendant, however, claims that the unrecorded assignment of Buzzell's contract was void as against its attachment and judgment by virtue of our registry law (G. S. 1894, § 4180), which, so far as here material, is in these words:

"Every conveyance by deed * * * or otherwise * * * shall be recorded in the office of the register of deeds of the county where such real estate is situated; and every such conveyance not so recorded shall be void * * * as against any attachment levied thereon, or any judgment lawfully obtained, at the suit of any party, against the person in whose name the title to such land appears of record."

Independent of this statute, the rights of attachment and judg-

75 M.—14

ment creditors are precisely as they were at common law; that is, the lien of the levy or judgment attaches only to the actual interest the debtor had in the land at the time of the levy or docketing of the judgment.

And where, as in this case, the creditor seeks to subject the property of a third party to the payment of his debt against a prior owner thereof, he must bring himself within the statute. The defendant has not done so in this case. The meaning of this statute is not doubtful. It places attaching and judgment creditors on a footing with bona fide purchasers as against an unrecorded conveyance, only where the attachment or judgment is against the person in whose name the title to the land appears of record; that is, it allows their liens to attach to the lands of their debtors according to the title as it appears of record prior to the recording of such conveyance, and not as it exists in fact. Dickinson v. Kinney, 5 Minn. 332 (409); Coles v. Berryhill, 37 Minn. 56, 33 N. W. 213; School Dist. v. Peterson, 74 Minn. 122, 76 N. W. 1126.

In this case Buzzell never had any title of record to the land; hence the unrecorded assignment of his contract for its purchase was not void as against the defendant's attachment and judgment, and the defendant acquired no lien on, or interest in, the land by its attachment and judgment. It stood simply in Buzzell's shoes, and, as he then had no interest in the land, the defendant obtained none.

The finding and decision of the trial court, to the effect that the defendant has no interest in, or lien on, the land, but that the plaintiff is the owner thereof, are sustained by the evidence.

Judgment affirmed.