STELLA SOKOLOWSKI v. ALBERT L. WARD and Another.[1]

May 25, 1906.

Nos. 14,796—(70).

**Passing of Title—Judgment.**

    A creditor of the party selected as the medium through whom a conveyance of land is made by a husband to his wife acquires no right, title, or interest in the land by virtue of a judgment existing against such medium, and it is immaterial that such conveyance was made pursuant to a purpose by the husband to defraud his creditors. Jorgenson v. Minneapolis Threshing Machine Co., 64 Minn. 489.

Appeal by defendants from a judgment of the district court for Martin county, entered pursuant to the findings and order of Quinn, J. Affirmed.

*Albert R. Allen* and *De Forrest Ward,* for appellants.

*Mathwig & Sasse,* for respondent.

[1]Reported in 107 N. W. 961.

   98 M.—12

LEWIS, J.

The complaint alleged: That in 1896 John Sokolowski was the owner of certain real estate. That for a valuable consideration he conveyed the premises to his wife, the respondent, in the following manner: The husband and wife conveyed the property to Mihalina Metko, and on the same day she, her husband joining, conveyed the property by warranty deed to respondent. That both deeds were recorded in the proper office on October 12, 1896. That appellant A. L. Ward, prior to the execution of such deeds, secured a judgment against Mihalina Metko, and that appellant E. E. Ward as sheriff is about to sell the premises on an execution issued under the judgment. The object of the action is to enjoin the sheriff from making such sale and to remove the cloud upon the premises by reason of the judgment.

The complaint was demurred to upon the ground that it did not state facts sufficient to constitute a cause of action and was overruled by the trial court, whereupon appellants answered, admitting that John Sokolowski owned the real estate, and that the warranty deeds mentioned were executed conveying the property to respondent, and alleging that at the time of the execution of such deeds John Sokolowski was insolvent, and that the conveyances were without consideration and made for the purpose of defrauding his creditors. Respondent demurred to the answer upon the ground that it did not state facts sufficient to constitute a cause of defense, and the demurrer was sustained by the trial court. Judgment was entered for respondent for the relief demanded.

Does the complaint state facts sufficient to constitute a cause of action, and does the answer state facts sufficient to constitute a defense? The propositions involved in this appeal were decided in Jorgenson v. Minneapolis Threshing Machine Co., 64 Minn. 489, 67 N. W. 364, where it was held that it was immaterial that a conveyance from a husband to a wife through a third person was in pursuance of a previously made and invalid agreement, and that a creditor of the party selected as the medium through whom the conveyance was made acquired no right or interest in the land by virtue of a judgment existing against such party. There is no question involved here as to whether the judgment creditor is an innocent party, but, on the other hand, it

appears that he had knowledge of the fact that Mihalina Metko had no interest whatever in the land, but was used as a means merely to convey the property from the husband to the wife. As to such a creditor it was of no consequence upon what consideration, or according to what agreement, the conveyance was made from the husband to the wife. If it was in pursuance of a fraudulent agreement as to the husband's creditors, they alone can attack the transfer.

Judgment affirmed.