## JOHN T. KELLY v. B. F. BYERS and Others.[1]

October 27, 1911.

Nos. 17,252—(123).

Attachment — R. L. 1905, § 3357.

Action to declare a judgment not a lien on real estate. The judgment debtor inherited an interest in the property as devisee under a will which was admitted to probate and recorded in the probate court of the county. He conveyed his interest and the deed was recorded in November, 1901, in the office of the register of deeds. In October, 1901, the judgment creditor attached plaintiff's interest in the land and a copy of the writ and levy was recorded in the office of the register. *Held:* The attachment did not merge in a lien, as it did not appear from the records in the office of the register of deeds that the judgment debtor had any interest in the premises. R. L. 1905, § 3357, providing that every conveyance not recorded in the register's office shall be void against any attachment against one in whose name the title appears of record, has no application. [Reporter.]

[1] Reported in 132 N. W. 919.

Action in the district court for Renville county to determine the adverse claim of defendants that a certain judgment owned by them was a lien upon the real estate described in the complaint. The case was tried upon stipulated facts before Powers, J., who ordered judgment in favor of plaintiff. From an order denying defendants' motion for a new trial, they appealed. Affirmed.

*George F. Gage* and *John F. Byers,* for appellants.

*J. M. Freeman,* for respondent.

PER CURIAM.

Action to have a judgment declared not a lien on certain real estate located in Renville county. The premises belonged to Thomas Kelly, who died in 1897. The will was probated and recorded in the office of the probate court in Renville county in that year. W. J. Kelly became the owner of an interest in the premises as devisee under the will, and on April 9, 1901, he deeded his interest in the premises to James R. Green, which deed was recorded in Renville county on November 9, 1901. W. J. Kelly was a resident of the city of Chicago, and on October 15, 1901, defendants commenced an action against him in Renville county, and attached his interest in the premises, and a certified copy of the writ and levy were recorded in the office of the register of deeds. Service of the summons was made by publication, and judgment in the sum of $273.85 was docketed in that county on January 17, 1902. Plaintiff subsequently acquired title by conveyance from James R. Green.

Defendants contend that the judgment became a lien on the premises, for the reason that the title vested in W. J. Kelly upon the death of his father, and that the evidence of his title was the will, which was of record in the probate court, and that such record was in compliance with the provision of section 3357, Revised Laws 1905, which reads: "Every conveyance of real estate shall be recorded in the office of the register of deeds of the county where such real estate is situated; and every such conveyance not so recorded shall be void * * * as against any attachment levied thereon, or any judgment lawfully obtained at the suit of any party against the person in whose name the title to such land appears of record

prior to the recording of such conveyance." It has been held that the statue has reference to the title as it appears of record in the office of the register of deeds in the county in which the land is situated. Coles v. Berryhill, 37 Minn. 56, 33 N. W. 213; Lyman v. Gaar, Scott & Co. 75 Minn. 207, 77 N. W. 828, 74 Am. St. 452. In these decisions the reasons for the statute are clearly stated. Hence the attachment did not merge in a lien, for the reason that it did not appear from the records in the office of the register of deeds that W. J. Kelly had any interest in the premises.

Affirmed.