E. J. BUTTERWICK v. FULLER & JOHNSON MANUFACTURING COMPANY.[1]

June 7, 1918.

No. 20,878.

**Lien of docketed judgment.**

1. A duly docketed judgment attaches as a lien only upon such real *property as may stand of record in the office of the register of deeds* in the name of the judgment debtor.

**Same — unrecorded titles and interests.**

2. It does not attach to unrecorded titles, nor upon interests of the judgment debtor which appear only from a will on file in the office of the probate court.

**Same — full performance by vendee of unrecorded executory contract of sale before docketing.**

3. An unrecorded executory contract for the sale of land, which is fully performed by the vendee before the docketing of a judgment against the vendor, vests in the vendee, where the title of the vendor does not appear of record, rights superior to the judgment creditor, though the formal conveyance of the land pursuant to the contract be not made or filed for record until after the date of docketing of the judgment.

[1]Reported in 168 N. W. 18.

**Same — actual possession by vendee notice to judgment creditor.**

4. Actual possession of the land by the vendee after the performance of the contract is notice to a subsequent judgment creditor of his equitable rights.

**Same — sale on execution invalid.**

5. A sale of land under an execution issued on such judgment *held* not to vest in the purchaser at the sale any title or interest adverse to the title of the vendee.

Action in the district court for Yellow Medicine county to determine adverse claims to certain real property. The answer set up the execution sale mentioned in the fourth paragraph of the opinion and prayed that the sale be confirmed by the court and that the judgment under which it was made be decreed to be lien superior to the rights of plaintiff. The case was tried before Daly, J., who made findings and ordered judgment in favor of plaintiff. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*John M. Hemingway* and *H. P. Bengston,* for appellant.

*J. N. Johnson,* for respondent.

BROWN, C. J.

Action to determine adverse claims to certain real property in which plaintiff had judgment and defendant appealed from an order denying a new trial.

The property in controversy is an undivided interest in and to a half section of farm land in Yellow Medicine county, this state, formerly owned by A. Butterwick. Butterwick died in October, 1911, leaving a last will and testament by which he gave and devised the land and the whole thereof in equal undivided shares to his five children, four sons and one daughter, all of whom at the date of testator's death had grown to maturity. Isaiah Butterwick was one of such sons and so also was plaintiff in this action. The action involves the one-fifth interest so devised to the son Isaiah. Plaintiff claims to have succeeded to his rights, and the claim is founded upon the following facts: In March, 1912, subsequent to the death of the senior Butterwick, Isaiah sold and agreed to convey his interest in the land to plaintiff for the consideration of $2,500, to be paid in the manner and at the time

stated in the contract, which was in writing but not recorded. Plaintiff thereafter performed his part of the contract and paid in full the agreed purchase price, the last or final payment having been made on or immediately prior to June 1, 1912. Isaiah executed a deed of conveyance to plaintiff on July 6, 1912, which was duly recorded in August of that year.

During all this time plaintiff was in the exclusive possession and occupancy of the entire tract of land as a tenant of the executors of the Butterwick will, though the basis of such possession was not a matter of record nor, so far as the record before us discloses, known to defendant. It is the plaintiff's claim in this action that the full and complete performance of the executory contract of sale, by the payment of the purchase price to Isaiah, vested in him as of date June 1, 1912, an equitable title to the Isaiah interest, which ripened into full legal title upon the execution of the deed conveying the same to him.

Defendant interposed in defense a claim of title to the Isaiah interest, acquired by it as purchaser of the same at an execution sale on March 27, 1917, the facts with reference to which are as follows: Defendant duly recovered a judgment against Isaiah Butterwick in the municipal court of Minneapolis on June 4, 1912, for the sum of $469.87. A transcript of the judgment was filed and docketed in the office of the clerk of the district court of Yellow Medicine county, wherein the land is situated, on June 20, 1912. An execution thereon was subsequently issued under and by virtue of which the Isaiah interest in the land was levied upon and in due course of procedure sold to defendant by the sheriff on March 27, 1917, some four or five years after the judgment was docketed in that county. The usual sheriff's certificate was issued to defendant and duly recorded. Defendant contends that the title thus acquired is superior to the title and rights of plaintiff.

The Butterwick will was duly allowed and admitted to probate on December 11, 1911, but neither the will nor the order of allowance was recorded in the office of the register of deeds, and there was of record or on file in that office no other instrument or document disclosing that Isaiah Butterwick, the judgment debtor, had or possessed any title or interest in or to the land, until the filing of the final decree of the

probate court in March, 1917, which was long after the rights of the parties to this action had accrued and become vested.

The trial court sustained plaintiff's claim of title to the land, and in doing so necessarily held that no lien attached to the land by the docket of defendant's judgment, and that the sale thereof on execution vested in defendant no interest therein. If the court was right in the conclusion that no lien attached to the land, the court was also right in the further conclusion that the execution sale was invalid, for upon the existence of the lien depends defendant's claim of priority in right.

Whether a lien attached to the land when the judgment was docketed in Yellow Medicine county must be determined in the light of our recording statutes, as well as by the state of the title to the land, as respects the interest in question, on the date when it was so docketed. That no lien attached at that time or at all seems clear. The case comes within the rule applied in several of our decisions, to the effect that a docketed judgment does not vest in the judgment creditor a lien upon land not of record in the name of the judgment debtor. The law on the subject was clearly stated by Chief Justice Start in Lyman v. Gaar, Scott & Co. 75 Minn. 207, 77 N. W. 828, wherein he said, that, where a creditor seeks to subject the real property of a third person to the payment of his debt against a prior owner thereof, he must bring himself within the recording act and show that his judgment was against the person in whose name the title appeared of record in the office of the register of deeds; that the title as it exists in fact is not sufficient to vest in such creditor a right superior to the real owner. The title must appear of record. Such has been the rule in this state for many years. G. S. 1866, c. 40, § 21; G. S. 1913, § 6844; Dickinson v. Kinney, 5 Minn. 332 (409); Coles v. Berryhill, 37 Minn. 56, 33 N. W. 213; Kelly v. Byers, 115 Minn. 489, 132 N. W. 919. In the case at bar the interest of Isaiah Butterwick in the land under the will did not appear of record, and under the decisions cited the docketing of the judgment did not attach. And further, when the judgment was docketed Isaiah had no interest in the land, of record or otherwise. He had previously parted with his rights by the executory contract of sale to plaintiff, which plaintiff had fully performed.

Fleming v. Wilson, 92 Minn. 303, 100 N. W. 4. The presence of the will in the office of the probate court does not affect the case one way or the other. Records of that court are not within the recording statutes. Defendant by the execution sale therefore acquired no right or interest in the land.

The suggestion that plaintiff is estopped from calling in question the validity of the execution sale is without special merit. The point is predicated upon the claim that plaintiff, knowing that the execution proceedings were under way, was under some duty or obligation to make known his rights under the executory contract with Isaiah before the execution sale took place, and having failed to do so should not now be permitted to complain. Defendant's actual occupancy and possession of the land was sufficient notice of his rights, and constituted full notice to defendant of whatever fact proper inquiry would have brought to light. Niles v. Cooper, 98 Minn. 39, 107 N. W. 744, 13 L.R.A.(N.S.) 49; Teal v. Scandinavian Am. Bank, 114 Minn. 435, 131 N. W. 486; Ludowese v. Amidon, 124 Minn. 288, 144 N. W. 965. The relation of tenants in common between plaintiff and Isaiah did not exist at the time defendant caused the judgment to be docketed, for Isaiah had parted with all his rights in the land by the prior sale to plaintiff. The case of Holmes v. Williams, 16 Minn. 146 (164), to the effect that the possession of one tenant in common will be presumed not adverse to the other tenants has no application. Such relation did not exist in this case. Dutton v. McReynolds, 31 Minn. 66, 68, 16 N. W. 468, is not in point, for there the title of the judgment debtor appeared of record in the office of the register of deeds. No such record title appeared in the case at bar.

The other points made by defendant do not require special mention. The question of pleading is unimportant. There was no departure in the reply from the cause of action made the basis of the complaint. There was no error in admitting in evidence the executory contract between plaintiff and Isaiah. It was not subject to the mortgage registry tax. The claim that the sale of the Isaiah interest in the land to plaintiff was fraudulent is not sustained by the record. While that was an issue under the pleadings the court made no findings thereon, nor was there any request for such findings. In that situation

we have only to determine whether the evidence conclusively shows such fraud. We hold that it does not.

This covers the case and all that need be said in disposing of the various points made by defendant. Our conclusions are in harmony with those of the learned trial judge and his order denying a new trial is therefore affirmed.