## VERNA G. SCOTT v. MARQUETTE NATIONAL BANK.[1]

December 23, 1927.

No. 26,418.

**Receipt for full payment of price of land admissible in evidence.**

    1. The receipt here in question was properly received in evidence.

**When unrecorded conveyances are not invalidated by the recording act.**

    2. Unrecorded conveyances, or rights in land, of which an attaching creditor has actual notice or knowledge at the time his attachment is levied, are not invalidated by the recording law. G. S. 1923, § 8226.

[1]Reported in 217 N. W. 136.

**Attachment against unrecorded title not aided by recording act.**

An attachment against one who has no record title or interest in the land is not preferred or benefited by that law.

**Lien of levy attaches only to actual interest of debtor.**

3. Independent of the recording law, "the rights of attachment and judgment creditors are precisely as they were at common law; that is, the lien of the levy or judgment attaches only to the actual interest the debtor had in the land at the time of the levy or docketing of the judgment."

**When attachment against debtor who has no beneficial interest creates no lien.**

4. An attachment against one having only a bare legal title to land, without any beneficial interest therein, does not create any lien thereon where the creditor has knowledge or notice of the facts.

**When creditor of vendor cannot obtain a lien by attachment.**

5. Where a purchaser of land has paid the entire purchase price and nothing remains to be done except the execution and delivery of the deed, and the vendor is able and willing to perform, a creditor of the vendor, with notice and knowledge of the sale, cannot step in and urge that the contract of sale was invalid under the statute of frauds, nor by attachment, after the sale and payment but before the deed is given, obtain any lien on the land.

Attachment, 6 C. J. p. 286 n. 18; p. 297 n. 82; p. 298 n. 89.
Frauds, Statute of, 27 C. J. p. 270 n. 79; p. 307 n. 71.
Judgments, 34 C. J. p. 591 n. 55.
Vendor and Purchaser, 39 Cyc. p. 1659 n. 87.

See note in 43 A. L. R. 41; 15 R. C. L. 800.
See note in L. R. A. 1916D, 1213; 25 R. C. L. 450.

Defendant appealed from a judgment of the district court for Ramsey county, Hanft, J. Affirmed.

*Jesse Van Valkenburg,* for appellant.
*Shearer, Byard & Trogner,* for respondent.

OLSEN, C.

Appeal by defendant from a judgment for plaintiff in an action to quiet title to an undivided interest in a tract of land. There is no material dispute in the evidence as to the facts.

It appears that on or shortly prior to April 19, 1924, one M. P. Buzzell and three other parties purchased from one Frances Quinn the tract of land in question, described as the west half of the southwest quarter (W½ of SW¼) of section fifteen (15), township twenty-nine (29), range twenty-three (23), located at the northeast corner of the intersection of Snelling and Larpenteur avenues in the city of St. Paul. For convenience the purchasers caused the title to be conveyed by Quinn to one Clara Knudtson by warranty deed dated March 24, 1924, and recorded April 19, 1924. Clara Knudtson, by mortgage dated and recorded on the same dates as the deed, gave back a purchase money mortgage on the land to Quinn for $25,000. Buzzell's interest in the purchase was an undivided two-tenths. Clara Knudtson thereupon, no doubt for the benefit and convenience of said purchasers but without any reference in the deed to their interests or rights, conveyed the land subject to the mortgage to the Marquette Trust Company, by warranty deed dated April 19, 1924, but not recorded until December 9, 1924. On December 4, 1924, the Marquette Trust Company duly executed its declaration of trust, showing that it had received title to the land from Clara Knudtson for the use and benefit of the purchasers mentioned and held such legal title for them in the proportions stated therein, and held an undivided two-tenths thereof for M. P. Buzzell. This declaration of trust was not recorded until June 11, 1925. In the meantime, on or about November 6, 1924, Buzzell bargained and sold his interest in the land to the plaintiff for the sum of $5,100, then paid to him therefor, and made and delivered to her exhibit D, a receipt or instrument in words and figures as follows:

"Minneapolis, Minn., Nov. 6, 1924.

"Received of Verna G. Scott $5,100.00 Fifty One Hundred and no/100 Dollars for one-fifth interest in eighty acres at Snelling and Larpenteur Aves. Ramsey County, subject to mortgage on whole tract of $25,000.00.

"M. P. Buzzell"

Buzzell agreed to give plaintiff a deed for the one-fifth interest in the property as soon as certain arrangements were made to put the

title in a trust company or in trust.   Several times thereafter plaintiff made requests for the deed but did not obtain it until June 8, 1925.   On that date Buzzell and his wife gave plaintiff a deed conveying all of Buzzell's interest in the land to plaintiff, and this deed was recorded June 10, 1925.   On June 1, 1925, the defendant was informed and received knowledge of the fact that Buzzell had several months prior to that date sold his interest in the land in question to plaintiff.   On June 2, 1925, the defendant, with that knowledge, commenced an action against Buzzell and another party to recover from them a sum of some $12,000 owing by them to defendant, and in that suit on that day an attachment was issued and levied upon any interest of Buzzell in the land in question.   Judgment in that action was thereafter entered against Buzzell and his codefendant about July 16, 1925, for over $12,000.

Defendant's claims and contentions are:   First, that the receipt, exhibit D, is void under the statute of frauds, G. S. 1923, § 8460, and transferred no title or interest in the land to this plaintiff, and that any oral agreement of sale entered into at the same time is likewise void; second, that defendant's attachment upon the land on June 2, 1925, followed by judgment, became a lien upon the land as of that date, and that the deed given by Buzzell to plaintiff on June 8, 1925, and recorded two days thereafter was subsequent to and subject to defendant's lien under its attachment; third, that if exhibit D is not void under the statute, then the evidence does not justify a finding that defendant had such notice or knowledge of the exhibit or of the sale to plaintiff as to render the attachment inferior or subject to plaintiff's rights.

1.   The objection raised to exhibit D is that the description of the land sold is insufficient.   The description is meager; it does contain these three specifications, namely, that it is an 80-acre tract, that it is located at Snelling and Larpenteur avenues in Ramsey county, and that it is subject to a mortgage of $25,000. The instrument is dated at Minneapolis, Minnesota, a city adjoining Ramsey county, and it may reasonably be inferred to apply to property in that county, there being no other Ramsey county in this state.   It is signed by M. P. Buzzell without indication that he is

acting for anyone else, and it may be inferred that he is selling his own property. In that situation we are not prepared to say that it does not furnish information from which, with reasonable inquiry, the particular tract intended could be ascertained. The description is not much different from the descriptions held sufficient in the cases of Sanborn v. Nockin, 20 Minn. 163 (178); Quinn v. Champagne, 38 Minn. 322, 37 N. W. 451; St. Paul Land Co. v. Dayton, 42 Minn. 73, 43 N. W. 782. In 25 R. C. L. p. 652, the text writer makes this statement:

"It has been said that it will be presumed that a description which actually corresponds with an estate owned by a contracting party is intended to apply to that particular estate, although couched in such general terms as to agree equally well with another estate which he does not own." Citing Hurley v. Brown, 98 Mass. 545, 96 Am. D. 671, and Kingsley v. Siebrecht, 92 Me. 23, 42 A. 249, 69 A. S. R. 486.

2. If, then, the plaintiff held an instrument sufficient under the statute of frauds to evidence her ownership, she stood in the same position as one holding an unrecorded deed. Her ownership was good against all persons other than those protected by the recording act as bona fide purchasers or creditors under attachment or judgment. There are two reasons why, in such case, defendant received no benefit or protection from the recording act. Defendant, as found by the court and shown by the evidence, had actual notice and knowledge of plaintiff's ownership and rights before the attachment was levied, and the recording act does not benefit creditors who have such notice and knowledge. Lamberton v. Merchants Nat. Bank, 24 Minn. 281; Lebanon Sav. Bank v. Hollenbeck, 29 Minn. 322, 13 N. W. 145; N. W. Land Co. v. Dewey, 58 Minn. 359, 59 N. W. 1085; Jorgenson v. Minneapolis T. M. Co. 64 Minn. 489, 67 N. W. 364; Clark v. Greene, 73 Minn. 467, 76 N. W. 263; Oxborough v. St. Martin, 142 Minn. 34, 170 N. W. 707.

At the time the attachment was levied Buzzell had no record title to the land, and the attachment was not against "the person in whose name the title to such land appears of record." G. S. 1923,

§ 8226. In that situation an unrecorded instrument of title is not avoided by an attachment or judgment and the recording act gives the attachment no preference. Coles v. Berryhill, 37 Minn. 56, 33 N. W. 213; Lyman v. Gaar, Scott & Co. 75 Minn. 207, 77 N. W. 828, 74 A. S. R. 452; Kelly v. Byers, 115 Minn. 489, 132 N. W. 919.

3. Independent of the recording act, the "rights of attachment and judgment creditors are precisely as they were at common law; that is, the lien of the levy or judgment attaches only to the actual interest the debtor had in the land at the time of the levy or docketing of the judgment." Lyman v. Gaar, Scott & Co. 75 Minn. 207, 209, 77 N. W. 828, 74 A. S. R. 452; G. S. 1923, § 9400. Under this rule the attachment, followed by judgment, becomes a lien upon any actual interest the judgment debtor then or thereafter has in the land, whether such interest is shown by recorded instrument of title or not; but such lien is not effective and does not attach against a subsequent bona fide purchaser of the record title where the judgment is against one holding an unrecorded conveyance. Emerson-Brantingham Imp. Co. v. Cook, 165 Minn. 198, 206 N. W. 170, 43 A. L. R. 41.

4. As the attachment in this case was not against the holder of any record title to the land, it follows that such attachment could only become a lien upon any actual interest in the land then owned by Buzzell, the judgment debtor. If he had no actual interest in the land at that time, then no lien resulted. A bare legal title, whether recorded or not, under such circumstances, especially where the creditor has knowledge of the facts, will not furnish a basis for any lien. Fleming v. Wilson, 92 Minn. 303, 100 N. W. 4; Sokolowski v. Ward, 98 Minn. 177, 107 N. W. 961; Union Inv. Co. v. Abell, 148 Minn. 229, 181 N. W. 353.

5. The case of Union Inv. Co. v. Abell, just cited, is in point here. There the landowner had sold and agreed to convey the property to another. The purchaser had paid the full purchase price and had received a deed in blank. The sale contract had not been recorded, and the deed was not completed by insertion of the name of any purchaser as grantee and could not be and had not been recorded and record title remained in the original owner. An

attachment was issued in favor of a creditor of the record owner and levied upon the land. It was urged that the contract of sale made by the original owner was invalid because the property was not sufficiently described and no registry tax had been paid thereon. The court said [at p. 233]:

"Whether this executory contract could or could not have been enforced is of no consequence in this action, for the entire purchase price had been paid, and a deed had been executed and delivered which the purchaser had authority to complete, and he had taken possession of the property thereunder several months before Getts attempted to levy his attachment."

The execution and delivery of the deed without naming any grantee would not take the transaction out of the statute of frauds, and the taking possession of the land was only important as notice. So if the contract was insufficient under the statute of frauds, there was in that case, the same as in this case, only the facts that the purchaser had paid the full purchase price and the attaching creditor had notice of the purchase by reason of the possession by the purchaser. The court in that case further states [at p. 231]:

"She [the record owner] had no beneficial interest in the property * * * but merely held the bare legal title as trustee for the purchaser. Where a vendor who retains the legal title no longer has any beneficial interest in the property, his creditors can acquire no lien thereon, unless by virtue of the registry laws."

That the creditor cannot urge the statute of frauds, where the parties to an oral or unenforceable contract make no objection thereto, is recognized by a number of cases from other states. See L. R. A. 1916D, 1213 and citations; 25 R. C. L. p. 450, § 24, p. 736, § 386; 21 Ann. Cas. 1390, note.

6. The assignments of error have all been considered. The objection to the introduction of exhibit D, as already indicated, was properly overruled. Receiving in evidence over objections plaintiff's exhibit 1, if technically error, was not prejudicial as all facts necessary to sustain the decision were sufficiently shown by other

evidence. The finding, that prior to the levy of its attachment defendant had actual knowledge that plaintiff had previously purchased and paid for the interest of Buzzell in the land, is sustained by the evidence. The finding that this land was the only 80 acres of land situated at Snelling and Larpenteur avenues subject to a mortgage of $25,000 is not vitally necessary to sustain the decision, and there is no evidence or claim to the contrary in any event. The conclusions of law are sustained by the facts found, and the assignments that the court erred in ordering judgment for plaintiff and erred in denying the motion for a new trial, the motion being made on many distinct grounds, present no questions for review.

Judgment affirmed.