## MARY WILLIAMS v. R. P. WILLIAMS AND OTHERS. FARMERS STATE BANK OF JUDSON AND ANOTHER, APPELLANTS.[1]

October 26, 1934.

No. 29,993.

*G. P. Smith,* for appellants.
*William Stradtmann,* for respondent.

*STONE, Justice.*

After trial without a jury and a decision for plaintiff, defendants Farmers State Bank of Judson (now in course of liquidation) and Mr. E. A. Benson, as commissioner of banks, appeal from the order denying their alternative motion for amended findings or a new trial. R. P. Williams, plaintiff's husband, also a defendant, does not appeal.

The gist of the decision below is that plaintiff has an equitable mortgage upon the involved real estate, an undivided one-half of a residence property, to secure a $2,000 debt from her husband, defendant R. P. Williams, to herself.

There is no question about the existence of the debt, $1,500 for money advanced by plaintiff in 1922 as the guardian of one Moses

[1]Reported in 257 N. W. 1.

Jones, incompetent; and $500 of her own money loaned by plaintiff to her husband. It is found that these advances were made pursuant to the agreement of her husband to give plaintiff mortgage security upon his interest in the dwelling. The agreement was not in writing, and the promised mortgage never given. The only basis for the decision is that, under the circumstances, plaintiff "has an equitable mortgage lien against said premises in the total sum of $2,000," apportioned $1,500 to herself as guardian, and $500 to herself individually.

That decision cannot stand against the statute (2 Mason Minn. St. 1927, § 8621) declaring that:

"No contract between husband and wife relative to the real estate of either, or any interest therein, nor any power of attorney or other authority from the one to the other to convey real estate, or any interest therein, shall be valid."

That statute means what it says. In Luse v. Reed, 63 Minn. 5, 65 N. W. 91, it was held to render void a written declaration of trust by a wife whereby she declared that she held certain real estate, title to which was in her name, in trust for her husband, who had furnished the whole purchase price of the property. Of course the law is that real estate may be conveyed from one spouse to the other through the medium of a third party. Jorgenson v. Minneapolis T. M. Co. 64 Minn. 489, 67 N. W. 364. But nothing of that kind was attempted here. Obviously, the statute prevents not only conveyances but also mortgages directly from one spouse to the other. Were we to hold that an equitable mortgage could be created under such circumstances as we have here we would but decide that the parties, without any writing, could accomplish what is prohibited to them if expressly attempted in writing. We are not permitted so to nullify the explicit declaration of a statute.

It follows that the order must be reversed. There is no occasion for a new trial. The case must be remanded for amendment of the findings, conclusions of law, and order for judgment in accordance with the views above expressed.

So ordered.